## FULTON v. MONONA COUNTY.

1. **Payment:** ACCEPTANCE OF PART: SERVICES. Where the plaintiff presented itemized claims to the board of supervisors for services rendered as county superintendent, which were allowed in part, *held* that acceptance by plaintiff of such part would not create a presumption that it was accepted in full of all claims, it not being shown that plaintiff had any knowledge that the remaining items claimed had been passed upon and rejected by the board.

*Appeal from Monona District Court.*

WEDNESDAY, MARCH 20.

ACTION at law to recover compensation for services rendered and expenses incurred and paid by plaintiff while filling the office of superintendent of schools of Monona county. The cause was submitted to the court without a jury and the facts and conclusions of law were specially found and reported. Judgment was rendered for plaintiff. Defendant appeals.

*Monk & Selleck*, for appellant.

*Joy & Wright* and *H. A. Stevens*, for appellee.

BECK, J.—I. As a defense to the recovery of certain items of charges claimed by plaintiff, defendant pleaded "that, the amount due thereon being in dispute and unliquidated, the defendant's board of supervisors allowed and paid a part of each of said items and disallowed the balance as stated in plaintiff's petition; that the amounts paid on these items were paid by defendant in settlement of the whole amount claimed on said items and accepted and received from the defendant by the plaintiff in full satisfaction and discharge of the whole of said items." The correctness of the court's judgment is questioned upon this appeal no further than it relates to the items of the plaintiff's claim referred to in this part of the defendant's answer. Our attention, therefore, will be confined to the court's rulings thereon. The court found that plaintiff had rendered the services and expended the sums included in this part of the claim, and that for the sums justly due her therefor she had presented claims to the supervisors which were allowed in part. A further finding upon this branch of the case is presented in the record in the following words: "The plaintiff drew the warrants allowed by said board on said claims, without comment, with no agreement, express or implied, other than such as may be inferred from the transaction of receiving the warrants, as to whether the warrants were to be in full payment of the claims presented by the plaintiff." Upon these findings of facts the court found as a conclusion of law that plaintiff was entitled to recover the sums constituting this part of her claim. These findings of fact and law are assigned as error by defendant.

*1. PAYMENT: acceptance of part: services.*

II. We are of the opinion that the findings of facts are well supported by the evidence. Indeed, the one fully stated in the quotation from the record above given, if erroneous at all, fails to present the facts as strongly in plaintiff's favor as the record requires. We think the evidence authorizes the conclusion that plaintiff, when she drew from the county auditor the warrants, had grounds to believe that the board had not finally and fully rejected her claim so far as it was in excess of the amount allowed, but had it under consideration. Certainly under the evidence the plaintiff cannot be presumed to have

received the warrants with the knowledge that the supervisors regarded them as payment in full of her claim.

III. But, regarding the findings of fact by the court as in accord with the evidence, we will inquire whether plaintiff is entitled to recover thereon.

A part allowance of the claim could have been made and warrants issued to and accepted by the plaintiff without raising a presumption that it was intended as payment in full. No such presumption would exist if the supervisors had not finally rejected the part of the claim not allowed and determined against the allowance. The issuing of the warrants in such a case and their acceptance by the claimant, without more, can create no presumption that the claim is paid thereby in full. Under the findings of fact, therefore, the court rightly held that the transaction did not amount to payment of plaintiff's claim.

We must not be understood as holding that acceptance of the warrants for a part of the claim, with the knowledge of the claimant that the balance had been rejected, or that the amount had been allowed by the supervisors as payment in full, would preclude plaintiff from recovering the part of her claim disallowed. This point, under the facts of the case before us, we are not required to determine. We simply hold that acceptance of the warrants *per se* will not create a presumption of payment in full of the whole claim. The case presents no other questions for our decision.

AFFIRMED.

ON REHEARING.

BECK, J.—A petition for rehearing was, in due time, presented in this case and allowed. The cause was again argued and has again been considered by the court. The point in the case and our decision thereon are clearly stated in our former opinion, which we now conclude is correct and adhere to it. The case demands no further consideration.

AFFIRMED.