## BRICK v. PLYMOUTH COUNTY.

1. **County:** CLAIM AGAINST: ACCEPTANCE OF PART ALLOWED BARS ACTION FOR RESIDUE. Where one who has a claim against a county presents it to the board of supervisors for allowance, and they allow it in part and reject it as to the residue, and he, knowing of the action of the board, accepts payment of the part allowed, such acceptance will be considered satisfaction for the whole, and he cannot afterwards maintain an action against the county for the residue. *Wapello Co. v. Sinnaman,* 1 G. Greene, 413, followed, and *Fulton v. Monona Co.,* 47 Iowa, 622, distinguished.

*Appeal from Plymouth Circuit Court.*

FRIDAY, APRIL 25.

THIS is an action by which the plaintiff, who is a physician, seeks to recover for medical attendance upon certain small-pox patients, which service, it is alleged, was performed by order of the board of health of the city of LeMars. There was a trial by the court, and a judgment for the plaintiff. Defendant appeals.

*J. C. Kelley*, for appellant.

*G. W. Argo* and *T. P. Murphy*, for appellee.

ROTHROCK, CH. J.—It appears from the evidence that in February and March, 1882, certain persons were afflicted with small-pox in the city of LeMars, and that plaintiff, at the instance of certain members of the board of health, rendered professional services to persons who were kept in a pest-house established by said board, and to others afflicted with said disease. After the service was rendered, the plaintiff prepared a bill against the county for the same, to the amount of $907.50, and the said board of health approved the same, and it was presented to the board of supervisors for allowance. The board of supervisors allowed the sum of

$318.50 of the bill, and rejected the residue. The amount allowed was paid to the plaintiff, and this suit was brought to recover that part which was rejected.

It is claimed by counsel for appellant that the acceptance of the allowance made by the board of supervisors is a bar to an action for the balance of the bill which was rejected by the board. The evidence shows that the board of supervisors investigated the claim, allowed a part of it, and rejected the balance upon what appears to us to be good and sufficient grounds. There is no pretense that the plaintiff, when he received the amount allowed him, did not know that the balance had been rejected. Indeed, orders of rejection were written upon the bill when it was introduced in evidence in the court below; and the plaintiff, in his testimony as a witness, did not deny that he was fully aware of the action of the board of supervisors when he received the allowance made to him.

We think that, under the circumstances, the plaintiff was not entitled to recover. *Wapello Co. v. Sinnaman*, 1 G. Greene, 413. That was a case where a claim was presented against the county, and part of it was allowed and the balance rejected. The court said: "If the plaintiff in this case presented his claim for allowance, and it was in part allowed by the board, and he accepted the amount thus allowed, he should not be permitted to afterwards sue for the balance. The acceptance of the part allowed should be considered satisfaction for the whole."

It is contended, however, that a different rule was announced in *Fulton v. Monona County*, 47 Iowa, 622. In that case it was not shown that the claimant received the part allowed on the claim with knowledge that the balance had been rejected; and the case is made to turn upon this fact. The case is in no manner in conflict with *Wapello Co. v. Sinnaman.*

It is claimed, however, that the defendant was bound to pay the full amount of the claim, because it had been ap-

proved by the board of health. But, having held that the plaintiff, by accepting the amount allowed him by the board of supervisors, with knowledge that the balance had been rejected, cannot maintain the action, we cannot consider the effect of an approval of the claim by the board of health.

We think that, upon the undisputed evidence, the judgment should have been for the defendant. And we do not determine whether or not the plaintiff could have, in any event, maintained an action against the county upon this claim, or whether a county is liable for a claim of this character.

REVERSED.