WILSON v. PALO ALTO COUNTY.

1. **Practice in Supreme Court**: EVIDENCE: DEFECTIVE RECORD: WAIVER BY APPELLEE. Where appellant has filed an abstract which purports to contain all the evidence offered on the trial below, and appellee files an additional abstract, correcting appellant's abstract by striking out portions of it, and adding evidence which it claims was given on the trial, but omitted from appellant's abstract, appellee, by so doing, admits, inferentially at least, that the record, as thus amended, contains all the evidence, and he cannot afterwards, on motion, have the evidence stricken out on the ground that it was not certified or preserved by bill of exceptions. See opinion for cases cited and followed.

2. ——: LAW CASE: POINT NOT RAISED BELOW NOT CONSIDERED. On appeal to this court in an action by ordinary proceedings, no question will be considered which was not presented and ruled upon in the trial court.

3. **County**: CLAIM AGAINST: ACCEPTANCE OF PART ALLOWED: ACTION FOR RESIDUE. Where a claim against a county consists of several items, some of which are allowed in full, and others wholly rejected, by the board of supervisors, and the claimant, with full knowledge of these facts, accepts the sum allowed, he is not thereby precluded from maintaining an action against the county for the residue of his claim. *Wapello Co. v. Sinnaman*, 1 G. Greene, 413, and *Brick v. Plymouth Co.*, 63 Iowa, 462, distinguished.

*Appeal from Clay District Court.*

FRIDAY, OCTOBER 24.

ACTION on account for a balance which plaintiff alleges is due him for lumber and building materials sold and delivered to the defendant. Answer in denial; also, that said lumber and materials were sold and delivered to Burdick & Goble, who had a contract with defendant to furnish the material and do the work in building a court house for defendant, and that defendant never undertook to pay plaintiff for said lumber, nor became liable to pay for the same; also, that plaintiff presented his account for said lumber and material, amounting to $1,811.07, to defendant's board of supervisors, and that said board of supervisors allowed plaintiff thereon the sum of $1,398.80, and rejected the balance of said claim; and that plaintiff, with knowledge of these facts, accepted and received the amount so allowed. .

There was a trial to a jury, and, when plaintiff had introduced his evidence and rested, the court directed the jury to find for defendant, and a verdict was returned accordingly, on which judgment was rendered against plaintiff for costs, and he appeals.

*T. W. Harrison*, for appellant.

*Soper, Crawford & Carr*, for appellee.

REED, J.—Appellee filed in this court a motion to strike from the abstract and transcript what purported to be the

1. PRACTICE
in supreme
court: evi-
dence: defec-
tive record:
waiver by
appellee.
evidence in the case, and to affirm the judgment, on the ground that the evidence was not certified or preserved by a bill of exceptions. A skeleton bill of exceptions was signed by the trial judge, and filed in the case, in which the clerk is directed to insert, in the proper places, the testimony of the witnesses who were examined, and the documentary evidence which was introduced on the trial. But there is no direction as to the source from which the evidence is to be procured. The clerk is told simply to insert the testimony of the witnesses, but is not directed as to the source from which he may obtain information as to what the testimony was, and appellee's point is, that there is such an entire want of certainty as to the identity of the evidence embodied in the transcript, with that given on the trial, that we cannot consider it. We are of opinion, however, that appellee is not now in position to take advantage of this question.

Appellant filed an abstract containing, as he alleges, all the evidence introduced on the trial. Thereupon defendant filed an additional or amended abstract, correcting appellant's abstract, by striking out portions of it, and adding evidence which, it claims, was given on the trial, and not included therein. Having filed this amended abstract, it thereby admits, inferentially at least, that the two papers contain all the evidence given on the trial, and he will not now be permitted to deny this. The rule in this respect is well settled by the cases heretofore decided. See *Starr v. City of Burlington*, 45 Iowa, 87; *Cross v. The B. & S. W. R. Co.*, 51 Id., 683; *Wells v. The B., C. R. & N. R. Co.*, 56 Id., 522; *Roberts v. The Leon Loan & Abstract Co.*, 63 Id., 76. The motion is, therefore, overruled.

II. The pleadings and evidence show that defendant contracted with Burdick & Goble for the erection of a court house, at Emmetsburg. The contractors undertook to furnish the material for said building, and do the work in erecting the same, for a stipulated price. They contracted with plaintiff,

who is a dealer in lumber, for the purchase of the material necessary for the erection of said building. After a large amount of lumber had been delivered by plaintiff on the ground where said building was to be erected, a contract was entered into by Burdick & Goble with the building committee, appointed by the board of supervisors of the county, which had charge, for the county, of the work of erecting said court house, for the sale of said lumber to the county. This contract was in writing, and $450 is the sum named therein as the consideration paid by the county for said lumber, although its real value was much greater than that. The following provision was added to the contract, and was signed by the members of the building committee:

"It is hereby agreed and understood that, so far as said J. J. Wilson is concerned, the above bill of sale is not an absolute evidence of payment, by the county, for the lumber bought of him, but only for such portion as may be paid him, and it does not preclude said Wilson from recovering, from the proper parties, all amounts that may, from time to time, be due him for lumber sold to said Burdick & Goble, or either of them."

The $450 named in the contract was paid plaintiff by the building committee at the time the contract was executed, and subsequently a number of other payments were made by the committee on said lumber.

Plaintiff finally presented an account for the balance which he claimed was due him for said lumber, to the board of supervisors. This account was itemized, and the balance claimed by plaintiff thereon was $1,811.07. One of the items of the account was $61.67 for interest. This, and a number of other items of the account, were rejected by the board, and the balance, amounting to $1,398.80, was allowed. Plaintiff afterwards accepted the amount allowed, and he knew at the time he accepted it that the other items of the account had been disallowed. But he testified that he objected to receiving the amount allowed, in full payment of the account, and that

the committee stated to him that if he did not accept it as full payment he had his remedy, and that he accepted the amount as part payment only, and receipted for it as such, and that this was stated to the committee at the time he received it.

When plaintiff had introduced his evidence and rested, defendant filed a motion in writing, asking the court to direct the jury to return a verdict for it. This motion was on the "ground that the evidence shows that plaintiff presented his claim to the county; that the same was audited and allowed at a less sum than that which was claimed; that he accepted and received the amount audited and allowed; and that this action is brought for the difference between the amount allowed and accepted and the amount claimed, upon an unliquidated demand."

As stated in the statement of the case, this motion was sustained, and a verdict for defendant was returned by the jury. Appellee insists that the action of the court in directing the verdict ought to be sustained on two grounds, viz.: *First*, On the ground stated in the motion; and, *Second*, On the ground that the evidence given on the trial shows that the defendant has fully paid the consideration which, by the written contract, it agreed to pay for said lumber, and that said contract does not create any obligation by defendant to pay any sum greater than the amount named therein, and that the evidence shows that plaintiff, in fact, sold said lumber to Burdick & Goble, who contracted to furnish the same for the erection of said court house.

But it is very manifest, we think, that defendant is not entitled to have this second question considered by this court. It is not raised by the motion, and was never passed upon by the district court. The motion required the district court to determine whether the acceptance by the plaintiff of the amount allowed by the board of supervisors on his claim barred his right of action for the items of the account which were disallowed. And that is the question which the district

court decided. But the consideration of the second ground here urged in support of the order of the court would require an interpretation of the written contract between the parties, and a determination of the effect of its terms and conditions— a question which was neither presented to or passed upon by the district court. And, when sitting as a court for the correction of errors, we can consider only such questions as were passed upon by the court whose judgment we are reviewing. We will, therefore, in determining the case, confine ourselves to a consideration of the question raised by defendant's motion.

This court has heretofore had occasion, in the cases of *Wapello Co. v. Sinnaman,* 1 G. Greene, 413; *Fulton v. Monona Co.,* 47 Iowa, 622; and *Brick v. Plymouth Co.,* 63 Id., 462, to consider the effect of the acceptance by one having a claim against a county of an allowance of a portion thereof, on his right of action for the portion rejected or disallowed. In the Wapello and Plymouth county cases, it was held that the parties, by their acceptance of the amounts allowed them on their claims, were precluded from maintaining actions for the portions disallowed, while in the other case the holding was that plaintiff was not barred of her right of action as to the portion of her claim which was disallowed, by her acceptance of the amount allowed her thereon. The apparent want of harmony in these holdings, however, is accounted for by the difference in the facts of the cases. In the former cases, the claimants accepted the amounts allowed on their claims without objection, and with full knowledge that a portion thereof had been rejected; while, in the latter, plaintiff did not know, when she accepted the amount allowed, that any portion of her claim had been disallowed. The general principle on which the cases were decided, and, as we think, upon which all others involving like states of fact must be decided, is this: Unless the party has accepted the amount allowed on his claim, under such circumstances as that a settlement

*3. COUNTY: claim against: acceptance of part allowed: action for residue.*

or compromise of matters in dispute between the parties can be inferred therefrom, he is not precluded thereby from maintaining his action for the portion disallowed.

If the board of supervisors, in passing upon a claim against the county, should allow a certain per cent of the whole amount claimed, and refuse to allow the remainder thereof, they would thereby say to the claimant, in effect, that his claim, as made by him, was regarded as unjust or invalid, but that they were willing to pay the amount allowed in settlement or compromise of it; and if, with full knowledge of the action which had been taken on his claim, the claimant should, without objection, accept the amount allowed, this should be regarded as an acceptance by him of the terms of compromise offered, and he ought to be precluded from maintaining an action for the portion disallowed. But, if the claim should include some items about which there was no dispute between the parties, and others that were denied, and the former should be allowed and the latter rejected, we see no reason for holding that his acceptance of the amount which was not at all disputed should bar his right of action for the items which were denied and disallowed. It would be competent, also, for the parties to agree that the acceptance of the amount allowed should not be conclusive of the rights of the claimants as to the portion of the claim disallowed. The evidence in this case, as stated above, shows that the portion of plaintiff's claim, disallowed by the board of supervisors, was certain items of the account which were stricken out of it by the building committee. The portion allowed included the remaining items, just as they were claimed by plaintiff. They do not seem to have been in any manner disputed or questioned by defendant. His acceptance of the amount allowed them does not necessarily preclude him from maintaining an action for the amount of the items disallowed. We think, also, that the evidence had some tendency to show an agreement by the parties, that plaintiff's acceptance of the amount allowed should not conclude his rights as to the other items.

We think, therefore, that the district court erred in sustaining the motion and directing the jury to find for defendant, and the judgment is

REVERSED.