Bissell, J.
Hobkirk, the sheriff of Rio Grande County, sued the county commissioners for $88.00 for services performed in taking two prisoners, White and Trujillo, to the reformatory. The bill as presented to the board was for $169.40 and was verified. The board proceeded to audit it, and allowed him $135.25, deducting the amount of $37.50, for which the sheriff ultimately had judgment in tins suit. The only evidence of the action of the board appearing in the record was an indorsement on the back of the account that “ the amount of $135.25 *181 was allowed on the within account in full payment thereof by order of the Board of Commissioners on the 19th day of October, 1896.” To the suit the county pleaded acceptance of this amount in full settlement, and that the action of the parties amounted to an accord and satisfaction. When the case came to trial the sheriff testified to the amount of his fees and disbursements, and it transpired that the two prisoners were taken at different times. The action of the board would appear to rest on this circumstance, and as they were apparently of the opinion the sheriff ought to have taken them both at one time to save expenses they proceeded to cut his bill down. The sheriff testified that he did it according to his best judgment and did not make the two trips for the purpose of accumulating costs, fees, or expenses, and rested. The indorsement on the back of the bill was conceded by the replication, but therein the sheriff denied that he accepted it in satisfaction, and denied that he had any notice of the indorsement, although he knew part of the bill had been allowed. He further averred that on the advice of the county attorney he accepted the warrant, being advised this would not bar him from the collection of the remainder of his bill. There was no proof in support of the plea of accord and satisfaction other than the production of the bill with its indorsement. There was no proof to the point that the deduction was called to his attention, that he was tendered the warrant with the agreement and understanding that he should accept it in full payment, nor was any action proven on the part of either the sheriff or the board other than this action and the indorsement which had been placed on the account. The county offered some testimony as to the reputation of these prisoners for peace, and whether they were vicious or otherwise, which was rejected. On this record judgment was directed by the court which followed in the sum named and the county prosecutes this appeal.
We do not conceive that the appellant presents any proposition on which the judgment can be disturbed. We do not enter the disputed territory as to whether the claim is for *182 liquidated or unliquidated damages, and whether or not it could be made the subject of a plea of accord and satisfaction. The plea is an affirmative one. To sustain it is the burden of the pleader. Whenever a cause of action is conceded and it is sustained by proof and the defendant would escape liability on the theory of an accord, he must show a satisfaction between the parties which will sustain the plea. It is always the law that where the sum in controversy is disputed and a party offers a fixed sum in satisfaction, attaches to the offer the condition that if taken at all it must be received in full settlement, it will operate as an accord, and the receipt of the money will be a satisfaction. Proof of the condition and the acceptance of the money in satisfaction must be clear. This is a familiar rule which has been often expressed and was plainly put in Berdell et al. v. Bissell et al., 6 Colo. 162. There was no testimony to the point that the warrant was delivered on condition that it should be taken in full payment and accepted subject to this condition. The record is barren of evidence on the subject. We do not believe the production of the claim with the indorsement, without at least some proof to sustain the contention that this was brought to the knowledge of the claimant and he accepted the warrant on such basis, is enough to bar the sheriff from recovering the sum which it clearly appears he was entitled to charge in case he performed the service under the court’s order. We have been referred to some Iowa cases (Brick v. Plymouth County, 63 Ia. 462; Fulton v. Monona County, 47 Ia. 622), which are not in apparent harmony and which on principle are easily sustained on the proof stated in either or both of those cases. Without expressing our approval or rejection of the doctrine that where a bill is presented to county commissioners and it is allowed with such an indorsement, the acceptance of the warrant with knowledge of this fact will be enough to preclude the plaintiff’s recovery, we do not believe the present case is brought within the scope of those decisions. It ought not to be true that the acceptance of a warrant issued by a board of county commissioners for *183 part of a claim will prevent the plaintiff from recovering the balance due him even though he may have had knowledge that the board allowed it with this condition. There should be some concurrence. The board ought to issue the warrant on the condition and compel the party to accept it with full knowledge and notice that if accepted he would be barred further recovery. We do not believe it lies with boards of county commissioners to affix conditions to the allowance of legitimate claims and bind the parties by their recorded action in the absence of some sort of an agreement or some notice that the claim will be held satisfied on the receipt of the warrant for a lesser sum than what is claimed. Whether this be or be not true, the lack of evidence to support the plea necessitates our holding it not sustained by proof.
The only other proposition which it is needful to consider is the one respecting the right of the sheriff to make two trips to take these two prisoners in place of one. At the outset it may be remarked the sheriff is charged with very responsible duties with reference to the safe-keeping and transportation of convicted prisoners to our penal institutions. So far as we are advised the statute gives no board and no court authority to determine the course which the sheriff must pursue, and he is given a very large discretion by the law in these particulars. It would not do for the board or for a court to assume to dictate to the sheriff the feasibility or practicability of taking two or more prisoners at one time in place of taking them separately if he judges this course to be wise and expedient. This question of the control of the discretion of officers to whom power is given to discharge particular duties according to their own judgment has been settled by an adjudication of our supreme court which is controlling, and as we view it, conclusive. Smith v. County Commissioners of Jefferson County, 10 Colo. 17. According to that decision discretionary powers can neither be limited nor controlled by boards of county commissioners or by the courts. The court very rightfully adjudged that the discretion and judgment of the officer must determine the necessity of the *184 service to be rendered. The court conceded that where there was any proof of fraud this would nullify the power and might give the courts jurisdiction to investigate its éxercise, and that it might also review mistakes or errors committed. Beyond these matters and where there was no proof in either of these respects, the court laid down the broad rule that neither the courts nor the boards could control the officer in the methods he should adopt in discharging his duties. Since this is true, we are quite unable to see how the commissioners of Rio Grande county could attempt to decide the course which the sheriff should take in conveying these prisoners under the order of the court, nor how we acquire the jurisdiction or the right to investigate the method and to determine whether or not the sheriff might as well in our judgment have taken them both at once as to have taken them separately. Frankly, there is nothing in the record on which the court can base a judgment. The proof offered respecting the habits of the prisoners, whether they were quiet or vicious, did not tend in the direction necessary to enable the court to pass on the conduct of the officer in the discharge of his duties.
We regard the cases which we have cited as controlling. Since there is no other proposition in the record on which error could be successfully predicated the judgment must necessarily be affirmed.

Affirmed.