L. L. WALSTON, Appellant, v. THE F. D. CALKINS COMPANY.

Breach of Contract: DISCHARGE OF SERVANT: ACCORD AND SATIS-
FACTION: CONSIDERATION. Where a servant claims to have
been wrongfully discharged before the expiration of his term of
service, payment and acceptance of amount earned does not con-
stitute an accord and satisfaction, and an agreement that same
shall be in satisfaction of all damages is w thout consideration.

*Appeal from Kossuth District Court.*—HON. W. B. QUARTON,
Judge.

SATURDAY, JANUARY 24, 1903.

ACTION to recover for breach of contract of employ-
ment. There was a, directed verdict for the defendant.
The plaintiff appeals.—*Reversed.*

*Clarke & Cohenour* for appellant.

*E. V. Swetting* for appellee.

SHERWIN, J.—The plaintiff alleged employment by the
defendant for.the term of six months, and a wrongful dis-
charge at the end of three months. The defendant pleaded
an accord and satisfaction, based upon the fact that it had
paid to the plaintiff the balance due him for the time he
did work; and, the evidence showing such payment and
the receipt of the money by the plaintiff, the court directed
a verdict for the defendant. There was no dispute be-
tween the parties as to the service which the plaintiff had
rendered, nor as to the balance due him therefor. The
only claim made by the plaintiff was for damages for his
wrongful discharge. There can be no accord unless there
is an express or implied agreement between the parties,
supported by a sufficient consideration, whereby one "un-
dertakes to give or perform, and the other to accept in
satisfaction of a claim, something other than or different
from what he is or considers himself entitled to," and
there can be no satisfaction until the agreement is exe-
cuted. 1 Cyc. 307. It does not operate as a bar to
matters not contemplated by the parties in their agree-
ment, nor is it va id and binding if wholly without
consideration. The acceptance of the agreed balance due
for work already performed, for which the plaintiff was

admittedly liable, can, under no theory of accord and satisfaction to which our attention has been called, bar the plaintiff's claim. Furthermore, under the facts here, even if it had been expressly agreed that the amount so paid would be accepted in full satisfaction of the damages, it would have rested on no sufficient consideration, and could not have been a bar to this action. *Fulton v. Monona County*, 47 Iowa, 622; *Rea v. Owens*, 37 Iowa, 262; *Eldred v. Peterson*, 80 Iowa, 264. In the case of *Keck v. Insurance Co.*, 89 Iowa, 200, there was a disagreement as to the amount which the plaintiff was entitled to under the policy, and the draft was offered as a compromise and payment in full, and it is held that such fact furnished sufficient consideration.

The court erred in directing a verdict for the defe d-ant.—REVERSED.