A. K. RESNER, Appellee, v. CARROLL COUNTY, Appellant.

Contagious disease: COMPENSATION OF PHYSICIAN: LIABILITY OF
1  COUNTY. Under section 2570, Code of 1897, the liability of a county became absolute for the bill of a physician employed by a local board of health to attend a person afflicted with contagious dis-

ease, as the same was allowed by the board of health, where it appeared that the patient and those liable for his support were unable to pay.

**Same.** A board of supervisors had no authority under Code of 1897 to reduce the bill of a physician for attending a smallpox patient, where the same had been audited and allowed by the board of health, and the acceptance of a portion of the sum did not bar a claim for the balance, in the absence of agreement.

*Appeal from Crawford District Court.*— HON. Z. A. CHURCH, Judge.

TUESDAY, JANUARY 17, 1905.

PLAINTIFF is a physician residing in the town of Manning, Carroll county. In February, 1902, he was called upon by the local board of health to attend one Rose, transiently in said town, and afflicted with smallpox. Having completed the service, he presented his bill, amounting to $240.50, to the local board, and such bill was taken up at a meeting thereof held on April 5, 1902, and on motion was approved and ordered referred to the county board of supervisors. The clerk of the local board handed the bill, with others, to a member of the county board, and it was brought to the attention of that board at its April meeting. It does not appear that the bill was accompanied by any certificate or transcript of the proceedings of the local board. The board of supervisors allowed the sum of $132 of the amount of the bill, and ordered a warrant drawn accordingly. A few days thereafter, plaintiff, being in the office of the county auditor, learned of the action of the board. He expressed himself as dissatisfied, but finally accepted a warrant for the amount allowed upon condition that the auditor write on the warrant stub or book the words, " Taken under protest," and this was done. On May 15, 1902, plaintiff procured the local board of health to certify to the balance due on his bill as claimed by him, and to forward such certificate to the county board. The latter board again took up the bill

and rejected it, whereupon this suit was brought to recover the sum of $180.50, the balance of the bill as rendered. From a verdict and judgment in favor of plaintiff, the defendant appeals.— *Affirmed.*

*C. E. Reynolds,* for appellant.

*Douglas Rogers* and *Connor & Lally,* for appellee.

BISHOP, J.— At the close of the evidence defendant moved for a directed verdict, one of the grounds therefor being that the acceptance by plaintiff of the amount allowed

1. CONTAGIOUS DISEASE: compensation of physician; liability of county.

by the county board operated as a settlement in full of his demand against the county. This motion was overruled, and the case was submitted to the jury upon the sole question as to whether or not it had been made to appear that neither Rose nor those liable for his support were financially able to pay for the services rendered to him.   The statute in force at the time the services were rendered and the bill approved and presented to the county board provided that persons found to be afflicted with smallpox should be taken charge of and cared for by the local board of health, the expense thereof to be charged to such person, or those liable for his support, if able; otherwise such expense to be charged to the county.   Code 1897, section 2570.   And under the statute as it then stood the power to fix the fees or charges — those of the physician, for instance — was in the local board of health.   The county board had no right to regulate such fees or charges.   Its duty was to order the same paid as audited and approved by the local board.   *Tweedy v. Fremont County,* 99 Iowa, 721.   It follows that when the local board met and approved the bill of plaintiff, and it being true that the patient and those liable for his support were unable to pay, the indebtedness against the county became absolute.   And this is true without reference to certification, or the want thereof, to the county board.

Now, while the bill of plaintiff might have been made the subject of a settlement, yet, in our view, the facts here disclosed do not warrant such a defense. The board bound no one by its action in allowing a portion of the bill and rejecting the rest. As the demand of plaintiff against the county was of a fixed and definite sum, he waived no right by taking the amount allowed. He had no conference with the board, which alone was authorized to act on the part of the county, and the acceptance of part of a fixed sum due does not operate to bar a claim for the balance unless mutually agreed, and upon consideration. In the case of an unliquidated demand a different rule may obtain, and such was involved in the cases cited and relied upon by counsel for appellant.

*2. Same*

Some question is made respecting the employment of plaintiff with reference to the time of his rendition of a part of the service claimed for. We do not think the informality relied upon sufficient to defeat a recovery. It is also contended that errors were committed in connection with the admission of the evidence respecting the financial ability of the patient and his relatives. We have read the record with care, and conclude that there was no prejudicial error.

The verdict had support in the evidence, and the judgment is *affirmed.*