JOHN J. HUNT, PETITIONER,

*vs.*

COUNTY COMMISSIONERS OF FRANKLIN COUNTY.

Franklin.    Opinion November 15, 1905.         o

</div>

*County Commissioners.   Certiorari.   Estoppel.   Accord and Satisfaction.*

When County Commissioners have allowed a smaller gross sum in full for an itemized bill against their county, and that sum is then drawn by the claimant from the County Treasury, his claim for the remainder of his bill is thereby barred, at least so long as he retains the sum drawn.

On exceptions by plaintiff. Overruled.

Petition for a writ of certiorari against County Commissioners of Franklin County. Heard by the presiding Justice without intervention of a jury, at the February term, 1905, of the Supreme Judicial Court, Franklin County, with the right of exception by each party to rulings of law. Under this stipulation, the plaintiff petitioner excepted to certain rulings made by the presiding Justice. Exceptions as such not considered but case decided on another point.

The facts, so far as material, are stated in the opinion.

*George C. Webber*, for plaintiff.

*H. S. Wing*, for defendants.

SITTING: EMERY, STROUT, SAVAGE, POWERS, SPEAR, JJ.

EMERY, J. The petitioner was an official agent for the prevention of cruelty to animals. In May, 1902, he presented to the County Commissioners of Franklin County for allowance and payment from the county treasury an itemized bill of $152.48 for services and expenses for investigating cases in that county. The Commissioners considered the bill and in the presence of the petitioner allowed a lump sum of $100 in full for the whole bill. The petitioner thereupon drew that amount from the county treasury upon that order for payment.

In April, 1904, petitioner without returning the $100 so drawn by him again presented the bill to the then County Commissioners of Franklin County. The Commissioners refused to allow any part of it, or to make any adjudication upon any separate items, and thereupon this petition was filed for a writ of certiorari to bring up the Commissioners' doing in the matter.

The petitioner urges that the allowance of a lump sum for his itemized bill less than the full amount was illegal, that the Commissioners should have allowed or disallowed each item, and should be compelled to do so now in order that he might bring the disallowed items before the court. On the other hand the respondents claim that certiorari is not the proper remedy for the petitioner.

We have no occasion to consider either of the above contentions since a complete answer to the petition is made by the fact that with knowledge that $100 was allowed him in full for his whole bill he drew that amount from the treasury upon such allowance, and has not returned it. He cannot now reopen the matter. *Perry* v. *Sheboygan,* 55 Mich. 250; *Brick* v. *Plymouth County* (Iowa) 19 N. W. 304; *Murphy* v. *The United States,* 104 U. S. 464. As well might a plaintiff who had recovered and collected a judgment in a common law action for less than his claim stated, afterward maintain an action on the same claim.

*Exceptions overruled. Petition dismissed.*