[No. 2028]

# PHILLIP H. WOLF, RESPONDENT, v. HUMBOLDT COUNTY, A CORPORATION, APPELLANT.

1. APPEAL AND ERROR—APPEAL FROM JUDGMENT ALONE—REVIEW—
   PRESUMPTIONS.
   The court on appeal from a judgment only, will presume
   that the evidence is sufficient to support the findings of the
   trial court.

2. ACCORD AND SATISFACTION—ACTS CONSTITUTING—EVIDENCE.
   To support a plea of accord and satisfaction, it must clearly
   appear from the evidence that there was in fact a meeting of
   the minds of the parties on that point, and the proof may not
   depend on the construction that may be placed on a statute.

3. ACCORD AND SATISFACTION—ESTABLISHMENT—BURDEN OF PROOF.
   A party seeking to avail himself of a plea of accord and
   satisfaction has the burden of proving clearly a meeting of
   minds of parties, accompanied by a sufficient consideration.

4. ACCORD AND SATISFACTION—CLAIMS AGAINST COUNTY—DISALLOW-
   ANCE IN PART—EFFECT OF ACCEPTANCE OF PART ALLOWED.
   A party who accepts the amount allowed on his claim
   against a county, disallowed in part, is not estopped from
   recovering the part disallowed, unless the acceptance was
   under circumstances disclosing a settlement or compromise of
   the matters in dispute.

5. COUNTIES—CLAIMS—DISALLOWANCE IN PART—EFFECT OF ACCEPT-
   ANCE OF PART ALLOWED.
   Under Rev. Laws, 1523, prohibiting actions on a demand
   against a county, unless first presented to the county commis-
   sioners and county auditor for allowance, and providing that
   where they fail to allow the same, or some part thereof, the
   claimant may sue, and sections 1535 and 1541, providing that
   demands against a county must be presented in the form of
   bills, one having several liquidated claims may put them in
   one bill, and where specified demands are allowed and others
   rejected the claimant may accept the amount allowed and
   sue for the claims disallowed in whole or in part; and a
   constable presenting monthly bills made up of various items
   for services rendered, for which the statute prescribes fees,
   may accept the part allowed and sue for the part disallowed,
   though in the case of an unliquidated demand the allowance of
   a part requires claimant to accept the part as satisfaction for
   the claim, or sue for the entire demand.

6. SHERIFFS — CONSTABLES—COMPENSATION—CONTRACTS—VALIDITY.
   The constable of a town, who performs services, the fees
   for which are fixed by statute, may not accept a greater sum,
   nor may the county commissioners tender a less sum; and an
   agreement to accept a greater is illegal, and an agreement to
   accept a less sum is void, as contrary to public policy.

APPEAL from the Sixth Judicial District Court, Humboldt County; *L. N. French*, Judge, presiding.

Action by Phillip H. Wolf against Humboldt County. From a judgment for plaintiff, defendant appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Salter & Robins*, for Appellant:

As respondent accepted and was paid the allowance on these claims made by the county commissioners, he is not entitled to sue for the amounts so disallowed.   See 117 Ill. App. 622; 75 Pac. 569; 81 N. Y. S. 648; 94 N. Y. S. 517; 104 Ill. App. 268; 107 N. Y. S. 796; 11 L. R. A. (N. S.) 1021; 14 L. R. A. (N. S.) 443; 27 L. R. A. (N. S.) 439; 56 N.W. 438; 66 N.W. 834; 51 Am. St. Rep. 695; 20 L. R. A. 785; 1 Cyc. 333; *Cooper* v. *R. Co.*, 82 Miss. 634, 643, 35 S. 162; 75 Pac. 117; *Wapello County* v. *Sinnaman*, 1 G. Greene (Iowa) 413; *Looney* v. *Jackson County*, 105 Ala. 597; *Board* v. *Sewll*, 41 Pac. (Okla.) 592; *Yavapai Co.* v. *O'Neill*, 29 Pac. (Ariz.) 432; *Eakin* v. *Nez Perces Co.*, 36 Pac. (Idaho) 702; *Chase* v. *Saratoga Co.*, 33 Barb. 603; *People* v. *Greene Co.*, 33 Hun, 303; *U. S.* v. *Adams*, 7 Wall. 463; Rev. Laws, 1508 (subd. 2), 1509, 1523, 1526.

Section 1523, Rev. Laws, is significant in the fact that it presumes that an aggrieved claimant will forego the amount allowed by the board, and sue for the full sum claimed.

With reference to a county of this state, it makes no difference whether the claims are liquidated or unliquidated; whether in accepting the warrants for the amounts allowed, the plaintiff did or did not protest.

The entire scheme laid out by the statutes of this state, and the limited power that is placed on the commissioners, show that the county does occupy a different position from an ordinary debtor.

The Colorado decisions upon which the learned judge decided the question here presented are not applicable under the laws of this state.   In Colorado, as it appears

from those decisions, the powers of the commissioners are not limited in this respect as in this state. There the board can reject, or partially reject, a claim against a county and again reconsider their action.

*Mack, Green & Heer*, for Respondent:

Items of service, for which compensation is fixed by statute, are liquidated demands, because the law itself liquidates such demands. The law relating to accord and satisfaction cannot apply in this case.

There was no evidence introduced at the trial that the delivery of any warrant was accompanied by any declaration or notice that if such warrant was accepted by the respondent it would be accepted upon condition that it constituted payment in full of the claim upon which it was allowed.

The burden of proving accord and satisfaction was cast upon the defendant. No proof was offered upon the subject other than that offered by the plaintiff to the effect that he never had attended the meetings of the board of county commissioners, and no person authorized to represent the county in any capacity had given him any notice that the amount allowed was upon condition that if it be accepted at all it constituted payment in full. (*Board* v. *Darnell*, 17 Colo. App. 85, 66 Pac. 1073; *McDavitt* v. *McNay*, 78 Ill. App. 396; *Standard Sewing M. Co.* v. *Gunter*, 46 S. E. 690, 102 Va. 568; *Jennings* v. *S. Whitley Hoop Co.*, 98 N. E. 194.)

Accord and satisfaction can only arise from an implied contract. No legal or equitable rights in favor of appellant could be created by a void contract. Any contract which respondent might make with appellant regulating his compensation for services in criminal cases would be in violation of public policy and the positive provisions of law, and therefore void. (Rev. Laws, 2009; *Wolf* v. *Humboldt Co.*, 32 Nev. 174; Mechem, Pub. Off. 377.)

The mere acceptance by respondent of a county warrant drawn for an amount allowed by the county commissioners upon a claim for a larger amount does not constitute

an accord and satisfaction and does not preclude the respondent from recovering the balance due on his claim. (*Board* v. *Hobkirk*, 13 Colo. App. 180, 56 Pac. 993; *Board* v. *Darnell*, 17 Colo. App. 85, 66 Pac. 1073; *Fulton* v. *Monona Co.*, 47 Iowa, 622; *Wilson* v. *Palo Alto Co.*, 65 Iowa, 18, 21 N. W. 175; *Centers* v. *Breathitt Co.*, 90 S. W. 1054; *Hudgens* v. *Carter Co.*, 115 Ky. 133, 72 S. W. 730; *People* v. *Supervisors*, 56 Hun, 459, 10 N. Y. S. 88; *People* v. *Supervisors*, 58 Barb. 139; *People* v. *Board of Police*, 75 N. Y. 38; *Kehn* v. *State*, 93 N. Y. 291; *Clark* v. *State*, 142 N. Y. 101, 36 N. E. 817; *City of Toledo* v. *Sanwald*, 13 Ohio Cir. Ct. 496; *Wilkinson* v. *Township*, 74 Mich. 68, 41 N. W. 861; *Pease* v. *Common Council*, 126 Mich. 436, 85 N. W. 1082; *Bell* v. *Waupaca Co.*, 62 Wis. 214, 22 N. W. 398; *Rettinghouse* v. *City of Ashland*, 106 Wis. 595, 82 N. W. 555; *Settle* v. *Sterling*, 1 Idaho, 259; *State* v. *Mayor of Nashville*, 15 Lea, 697; *Goldsborough* v. *U. S.*, Fed. Case No. 5519, 10 Fed. Cases, 560; *Smith* v. *Salt Lake City*, 83 Fed. 784; *Brown* v. *First Nat. Bank*, 137 Ind. 655, 37 N. E. 158, 24 L. R. A. 206.)

By the Court, MCCARRAN, J.:

This is an action wherein Phillip H. Wolf, the constable of Lake township, Lovelock, Humboldt County, brought suit in the district court in and for Humboldt County to recover on certain claims for services rendered by him, acting as constable of said township. His claims had been presented to the board of county commissioners of Humboldt County, and were by said board disallowed in part. The case was tried in the district court of Humboldt County, with Hon. L. N. French, judge of the Eighth judicial district for Churchill County, presiding. Judgment in the lower court was rendered in favor of the plaintiff, and a lengthy decision in writing was filed by the learned judge. No motion for a new trial was made, and the case comes to this court on appeal from the judgment alone.

In their opening brief counsel for appellant submit but one contention for this court to determine, namely:

"As respondent accepted and was paid the allowance on ten claims made by the county commissioners, is he entitled to sue for the amounts so disallowed?"

The picture of the ten claims in question is here given:

| Demand | Allowed For | Difference |
|---|---|---|
| $222.55 | $202.55 | $20.00 |
| 34.95 | 32.25 | 2.70 |
| 192.40 | 54.20 | 138.00 |
| 210.45 | 166.90 | 43.55 |
| 437.40 | 427.40 | 10.00 |
| 334.15 | 318.55 | 15.60 |
| 168.80 | 166.00 | 2.80 |
| 454.35 | 28.80 | 425.55 |
| 241.05 | 139.65 | 101.40 |
| 431.35 | 250.00 | 181.35 |
| Total__$2,727.45 | $1,786.50 | $940.95 |

1. Appellant claims that the judgment entered below should be reduced in the sum of $940.95, for the reason that respondent's acceptance of the part allowed constituted accord and satisfaction, and he is barred from recovering the balance. It is a well-settled rule that, on an appeal from a judgment only, the reviewing court will presume that the evidence was sufficient to support the conclusions of the trial court. The only thing left for this court to decide is: Did the acts of respondent in accepting the part allowed by the commissioners on the various claims constitute a bar to his suit for that part rejected by the commissioners?

2. In order to support a plea of accord and satisfaction, it must clearly appear from the evidence that there was in fact and in reality a meeting of the minds in accord and in satisfaction. The conclusion of accord and satisfaction should not be supported by mythical or theoretical reasoning; nor should a matter so important rest upon any finespun argument. Proof of accord and satisfaction should not depend upon the construction that might be placed upon a statute; nor should it be maintained as a pitfall into which the unwary may fall by some act wholly unintended to express his acquiescence in a transaction, wherein his lack of experience or lack of

knowledge of technical law might debar him from a right of action—might deprive him of his "day in court."

**3.** The general trend of modern decisions indicates that the courts are determined to establish a principle that he who avails himself of a plea of accord and satisfaction must bear the burden of proof; he must establish clearly that there was a meeting of the minds of the parties, accompanied by a sufficient consideration.

**4.** The appellant cites the cases of *Wapello County* v. *Sinnaman,* reported in 1 G. Greene (Iowa) 413, *Fulton* v. *Monona County,* 47 Iowa, 622, and *Brick* v. *Plymouth County,* 63 Iowa, 462, 19 N. W. 394. These cases were referred to and commented upon in a later case decided by the Supreme Court of Iowa, entitled *Wilson* v. *Palo Alto County,* reported in 65 Iowa, 19, 21 N. W. 175. In this latter case the court very properly said with reference to the former decisions: "The general principle on which these cases were decided, and, as we think, upon which all others involving like states of facts must be decided, is this: Unless the party has accepted the amount allowed on his claim, under such circumstances as that a settlement or compromise of matters in dispute between the parties can be inferred therefrom, he is not precluded thereby from maintaining his action for the portion disallowed. If the board of supervisors, in passing upon a claim against the county should allow a certain per cent of the whole amount claimed and refuse to allow the remainder thereof, they would thereby say to the claimant, in effect, that his claim, as made by him, was regarded as unjust or invalid, but that they were willing to pay the amount allowed in settlement or compromise of it; and if, with full knowledge of the action which had been taken on his claim, the claimant should, without objection, accept the amount allowed, this should be regarded as an acceptance by him of the terms of compromise offered, and he ought to be precluded from maintaining an action for the portion disallowed. But if the claim should include some items about which there was no dispute between the parties, and others that were

denied, and the former should be allowed and the latter rejected, we see no reason for holding that his acceptance of the amount which was not at all disputed should bar his right of action for the items which were denied and disallowed."

We think that this expresses the true trend of modern law and puts a correct interpretation upon the whole principle, and we would go even further, as does the Colorado Court of Appeals (*Rio Grande County* v. *Hobkirk*, 13 Colo. App. 180, 56 Pac. 993), and say that proof of accord and acceptance in satisfaction must be clear.

Independent of any controlling statutory provisions modifying the law of accord and satisfaction, so far as claims against counties are concerned, there is nothing in this case that amounts in law to accord and satisfaction. We recognize that it is within the power of the legislature to control the manner of action upon claims against counties. Many of the decisions that have been cited to this court are based upon peculiar statutory provisions of the states from which the decisions are cited.

5. The section of our general county government act applicable to this case is as follows: "No person shall sue a county in any case for any demand, unless he or she shall first present his or her claim or demand to the board of county commissioners and county auditor for allowance and approval, and if they fail or refuse to allow the same, or some part thereof, the party feeling aggrieved may sue the county; and if the party suing recover in the action more than the said board allowed, or offered to allow, said board and auditor shall allow the amount of said judgment and costs as a just claim against the county; but if the party suing shall not recover more than the board and auditor shall have offered to allow him or her, then costs shall be recovered against him or her by the county, and may be deducted from such demands." (Rev. Laws, 1523; Gen. Co. Gov. Act, sec. 24.)

No other state, so far as we have been able to find, has a similar provision, and this section has not heretofore

been construed by this court.   In the case of *Russell* v.
*Esmeralda County*, 32 Nev. 304, which was an action by
the constable of Goldfield township for the balance
alleged to be owing on account of several claims pre-
sented against that county for fees as constable, the
question was raised in the final brief of appellant, under
the section cited, *supra*, that, as the plaintiff had accepted
and was paid the amount allowed upon the several
claims, he was not entitled to sue for the amount disal-
lowed.   The question was not raised in the lower court,
and hence was not determined in this court.

The effect of section 24, *supra*, depends upon the
construction to be placed upon the word "demand" used
in that section.   By sections 1535 and 1541 of the Revised
Laws it is provided that claims or demands against a
county must be presented in the form of bills, but no
particular form is prescribed for the presentation of the
same.   Several claims or demands may be included in
one or several bills.   If the person having several claims
or demands puts the same on one bill, each separate
demand must necessarily be acted upon by the board of
county commissioners.   If certain specific demands are
allowed and others rejected, we do not think it was the
intent of the section of the statute to prohibit the claim-
ant from accepting the amount allowed for the undis-
puted demands and bringing his action for the demands
which have been disallowed in whole or in part.   The
fees of the constable are fixed by statute, and hence the
fees for each service rendered by him in his official
capacity constitute a separate item of demand against
the county.   If there is no dispute as to the service, or
as to the performance of the specific official act for which
a fee item is claimed, there can be no question as to the
amount he is entitled for such service or act.   Where, as
in this case, the constable presents monthly bills made
up of various items for services rendered, for which the
statute prescribes a fixed fee, and the board of commis-
sioners allows certain of these items and disallows others,
the acceptance of the amount allowed is not a bar to an

action upon the demands disallowed. Where there is no dispute as to the services rendered, the fee for the service is a liquidated claim against the county.

In the case of an unliquidated demand against a county, the allowance of a part by the board of commissioners makes it incumbent upon the claimant to accept the part allowed as entire satisfaction for the claim, or sue for the entire amount of the demand.

In the case of *Clarke* v. *Lyon County*, 7 Nev. 75, the county employed an attorney to represent it in certain litigations. A claim was presented for the reasonable value of services rendered. This was an unliquidated demand, and was disallowed in part only. If there had been an acceptance of the part allowed, it would have been a ratification and a bar to the right of action for the balance.

The appellant contends that respondent should have refused to accept the part allowed by the board, and should have sued for the whole sum. We do not believe this is sound reasoning. If there was no meeting of the minds by way of compromise, then there was no compromise of the disputed claims; hence the part allowed was only a part of what might be legally due. The very extreme application of the principle of acceptance of a part of a claim being a bar to an action for the balance is expressed by the Supreme Court of Arizona in the case of *Yavapai County* v. *O'Neill*, reported in 3 Ariz. 363, 29 Pac. 432, and this was rendered in the light of a particular statute. We can see no good reason why one who may be in the service of a county in any capacity, with fixed fees for services, where the county board allows one part of his claim, should be precluded from drawing down the part allowed and submitting his claim for the balance by way of a suit in a court having power to try and determine the controversy along legal lines. In our opinion, the claimant should not be compelled to go without the benefit of the part allowed until the courts might adjudicate his right to the part disallowed, unless it clearly appears that he accepted the amount offered in

compromise or satisfaction for the whole, and when ·that is established his right of action ceases.

In the case under consideration the one question for the court to determine is: Did the acceptance of a part of the claim constitute a bar to an action for the remainder of the claim disallowed by the commissioners? If there had been a compromise voluntarily entered into between the board and Wolf, if there had been a meeting of the minds, wherein the officer had agreed to accept the part received in satisfaction for the whole, if the trial court could reasonably infer that the officer at the time of drawing the warrant took the sum tendered in settlement or compromise, if there had been a reconsideration on the part of the claimant and a voluntary acceptance of the part of his claim in discharge of the whole, then the plea of accord and satisfaction would have been well founded, and under that state of affairs the claimant would have been barred from maintaining an action for the balance. But it was incumbent upon the appellant, as defendant in the court below, to prove some of these conditions clearly. The trial court found that these requisites had not been proven, and, this being an appeal from the judgment only, this court is compelled to presume that the evidence presented to the trial court was such as supported the findings of that tribunal. The mere acceptance of the part of an itemized claim allowed, where such items are liquidated, will not debar the claimant from maintaining an action for the items disallowed.

**6.** It is scarcely necessary for us to consider the right of the respondent in this case to accept a less sum than that fixed by law as a fee for each particular service rendered, and we do not consider this point particularly vital in this case. Notwithstanding that, however, we may say that, as constable of Lake township, the fees of the respondent for each service performed were fixed by statute. He would have no right to accept a greater sum than that which the law prescribed; nor would the board of county commissioners have the right to tender a less sum than that which the law prescribed for each item of

service.  The former would be illegal, and the latter would be contrary to public policy; and any agreement that might be entered into between the board of county commissioners and the respondent in this case for the payment and acceptance of a less sum for any particular service than that fee fixed by statute would be void, being contrary to public policy.  (Mechem, Pub. Off. 377.)

The contention of appellant has been ably briefed and presented by Messrs. Robins & Salter, special counsel for the defendant county, and their position is somewhat sustained by a line of decisions setting forth, as we have expressed it, the extreme limits to which a plea of accord and satisfaction may go; but it is our opinion that in this case, as in all others involving the same matters, the broader and more liberal view is supported by a stronger reasoning expressed in the more modern line of decisions.

The judgment of the trial court is affirmed.