Board of Education of Deerfield-Shields Township High School District No. 113, Lake County, Illinois, Appellant, v. Board of Education of the Non-High School District, Lake County, Illinois, Appellee.

Gen. No. 8,530.

Opinion filed February 19, 1934.

RICHARD F. LOCKE, GALE C. MARQUESS and MAX F. ALLABEN, for appellant.

RUNYARD & BEHANNA, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellant brought its suit in assumpsit against appellee, in the circuit court of Lake county, seeking to recover a balance claimed due for tuition of pupils living in appellee district, for the years from 1923 to the month of June, 1930. In each of the respective years, the appellant district billed appellee district

with an itemized statement showing the manner, method, and amounts by which appellant arrived at the tuition cost per pupil, which it therein claimed due from appellee. Appellee district by its duly constituted board considered and audited the yearly statements as received from appellant district.

Each year appellee district allowed the claim of appellant for a less amount than therein claimed, and tendered to appellant the amount so allowed by appellee district, which amount appellant district each year accepted. Appellant made no complaint regarding these amounts as paid it each year by appellee. Appellant on the succeeding years did not include in any annual statement any part of the tuition cost claimed in former years, which appellee had failed to pay. This condition continued until 1930, with appellant rendering its itemized statement to appellee for each year's tuition, and with appellee paying to appellant a lesser amount each year than claimed due in appellant's statement.

Appellant instituted its suit in February, 1931, against appellee, seeking a recovery of the unpaid portions of its annual statements rendered appellee. The appellee at the time of its audit of the various annual statements claims that certain items were included by appellant in arriving at the tuition costs per pupil, which were not proper and fit charges, and which did not constitute any part of the expenses in conducting and operating the school or the maintenance of school property, as provided by the statute in reference thereto.

Jury was waived, and the cause was heard by the court, upon a stipulation of facts. The court found the issues in favor of the appellee district. Judgment was entered against appellant district, from which judgment appellant brings this appeal.

Appellee urges several reasons why it should not now be held liable for the unpaid portion of the amounts as evidenced by appellant's annual statements. For the purpose of this opinion, we deem it necessary to consider only one of appellee's contentions, namely, that where an allowance of a claim is to be paid from funds derived by taxation made by the proper administrative officers or board, authorized by law to audit and make such allowances, and the claim is allowed in a lesser amount than submitted, and the claimant accepts the reduced amount, that he may not thereafter seek or recover the balance of his claim.

It was stipulated by both the appellant and appellee that each was a duly constituted school district during all this time. Appellant urges the above rule should not apply, claiming that before such rule would apply, the appellant should have understood it was abating its claim to the amount paid each year.

We do not believe this argument of appellant applies to cases of this nature. There never had been any agreement reached between appellant and appellee as to the annual statement rendered each year by appellant district to appellee. The fact that appellee district over such an extended period of time paid to appellant each year a lesser amount than that claimed by appellant was sufficient to put appellant upon notice that its claim as submitted was not agreed to by appellee; and the only logical deduction to be reached was that the amount of the reduction of each annual statement was disputed by appellee, and therefore, rejected to that extent by appellee in its audit of appellant's claim. Certainly there was no other conclusion that appellant could have reached, because the reduction of appellant's yearly claims bore no relationship to each other from one year to the next and were not

based upon any percentage basis, nor upon any grounds of comparison as between the several years.

We do not consider that the statement as rendered by appellant to appellee district each year was a liquidated claim. There was no meeting of the minds, and the respective boards of education representing these districts did not at any time meet and agree on the yearly claims. They were purely the calculations made by appellant, to which calculations appellee on its part indicated its disapproval and objection thereto, by its audit òf such claims and the allowing of same at a reduced amount, and tendering to appellant such reduced amount each year, which amount the appellant accepted.

Claims presented against a body politic may be audited by the proper authorities and allowed in full, or allowed in part, or disallowed. When an unliquidated claim is audited at a less sum than the amount claimed and a warrant or payment is accepted for the amount so allowed, such acceptance is presumed to be in full payment of the claim, and the claimant cannot after such acceptance sue for the balance rejected, 7 R. C. L. 962; 15 C. J. 660, 661; *Calkins v. State,* 13 Wis. 389; *Massing v. State,* 14 Wis. 502; *Sharp v. City of Mauston,* 92 Wis. 629; *Brick v. Plymouth County,* 63 Iowa 462; *Hunt v. Franklin County Com'rs,* 100 Me. 445; *Perry v. Cheboygan,* 55 Mich. 250; *Davey v. Big Rapids,* 85 Mich. 56; *Browne v. Livingston County,* 126 Mich. 276; *King v. New Orleans,* 14 La. Ann. 389; *Butler v. Board of Com'rs Lawrence County,* 177 Ind. 440; *Western Const. Co. v. Board of Com'rs Carroll County,* 178 Ind. 684; *Callahan v. New York,* 6 Daly (N. Y.) 230, affirmed in 66 N. Y. 656; *Paulson v. Ward County,* 23 N. D. 601, 42 L. R. A. (N. S.) 111, and annotations.

We are of the opinion that the acceptance of a reduced amount allowed by a body politic upon a claim

filed concludes the claimant as to such portion of the claim as rejected, and the amount accepted by such claimant should be considered satisfaction for the whole. If the claimant desires to contest the action of the administrative officers, he should repudiate the allowance and refuse to accept the amount allowed, and bring his action for the amount claimed. When he accepts payment for the reduced amount after his claim has been audited, he must be held to have acquiesced in the settlement thus made, and he should be deemed to be estopped by accepting such payment, from making any further claim for the same services upon which the claim was based.

School districts secure their funds by public taxation and they are obliged to know from year to year what the approximate yearly expenses will be in order that they may determine the amount of funds to be raised by their taxing authority. Appellant district was as cognizant of this fact as appellee. It is a salutary rule that requires the claimant in cases of this kind, if he be dissatisfied with the allowance of his claim by the body politic, to either forego the part rejected or submit his claim as a whole to the courts.

Appellant should not be allowed to accept each year that portion of its claim as audited and approved by appellee board, thus taking that amount to appellant's advantage, and then make the rejected amounts of its claims a subject of litigation. Appellant had notice each year that its claim was being only partially allowed, and the duty devolved upon appellant to either accept the part so allowed and tendered, in satisfaction of its whole claim, or to litigate its claim as an entirety.

The acceptance by appellant of the amounts each year as audited and paid by appellee was a waiver of any further claim by appellant against appellee district. Appellant's action in so doing amounted to an

executed agreement to receive the lesser amount than that claimed, and appellant is now precluded from asserting any right to claim the rejected portions.

The judgment of the circuit court of Lake county is affirmed.

*'Judgment affirmed.*