CLAUD M. SMITH, Appellant, v. CHEROKEE COUNTY, Appellee.

No. 42613.

DECEMBER 11, 1934.

REHEARING DENIED APRIL 5, 1935.

Claud M. Smith, for appellant.

James D. F. Smith, County Attorney, McCulla & McCulla, and Miller, Miller & Miller, for appellee.

KINDIG, J.—The plaintiff-appellant, Claud M. Smith, an attorney at law, was employed by Cherokee county to assist the county attorney in the prosecution of certain criminal cases then pending in that county. Accordingly, the appellant rendered legal services in assisting the county attorney in the prosecution of those cases.

Thereafter, on or about September 21, 1933, the appellant filed with the county auditor of Cherokee county his itemized claim for the legal services rendered. This claim totaled $675.

After a full and complete consideration and study, the supervisors of Cherokee county, Iowa, allowed the claim in part and rejected it in part by passing the following resolution: "Moved and carried that the claim of Claud M. Smith (the appellant) of $675.00, assisting the county attorney, be allowed at $50.00 to be paid out of the county fund." Whereupon, the appellant received a county warrant for the $50 and cashed the same, or duly assigned it to another who did cash it.

Soon thereafter the appellant commenced the present suit against the county for the rejected balance of the claim. In defense of the suit, the county pleaded an accord and satisfaction. A trial was had upon that theory, and, at the close of all the testimony, the district court sustained the county's motion for a directed verdict, based upon such theory. From the judgment then entered, the appellant appeals.

There is, in fact, but one question to be determined upon this appeal, namely, whether the appellant's claim here asserted is barred by an accord and satisfaction. Although a complaint is made by the appellant because one, rather than another, of two answers was filed, yet that is a matter about which the appellant under the circumstances cannot legally complain. The appellee county had a right to determine under what answer it should defend. So, as before indicated, the only remaining question has to do with the accord and satisfaction.

Section 5124 of the 1931 Code provides:

"All unliquidated claims against counties * * * shall, before being audited or paid, be so itemized as to clearly show the basis of any such claim and whether for * * * services rendered [the county], or upon some other account, and shall be duly verified by the affidavit of the claimant, filed with the county auditor for presentation to the board of supervisors; and no action shall be brought against any county upon any such claim until the same has been so filed and payment thereof *refused* or neglected." (Italics supplied.)

It is important to note at the beginning of this discussion that the claim of Mr. Smith filed against the county was not liqui-

dated. Moreover, it is likewise important to understand that no specific item of the claim was allowed. In other words, the board of supervisors did not allow certain items of the claim on the theory that those items were liquidated or just, and disallow other items thereof considered by them to be unliquidated or unjust. No specific part of the claim was allowed. On the other hand, the board considered the claim as an entirely unliquidated demand, and allowed generally thereon the sum of $50. Necessarily, under the circumstances, the remaining portion of the claim was disallowed. If the claim when filed were liquidated, the allowance of part thereof by the board and the acceptance of such partial allowance by the appellant would not amount to an accord and satisfaction. Sanford v. Lee County, 49 Iowa 148; Resner v. Carroll County, 126 Iowa 423, 102 N. W. 148; Broyles v. Mahaska County, 213 Iowa 345, local citation, 351, 239 N. W. 1. See, also, Barr v. Clinton Bridge Works, 179 Iowa 702, local citation 709, 161 N. W. 695; Clark v. Clark, 197 Iowa 257, local citation, 262, 196 N. W. 1011; Walston v. F. D. Calkins Co., 119 Iowa 150, 93 N. W. 49.

Likewise, "if the claim should include some items about which there was no dispute between the parties, and others that were denied, and the former should be allowed and the latter rejected," there would be no reason "for holding that * * * acceptance of the amount which was not at all disputed should bar (the claimant's) right of action for the items which were denied and disallowed." Wilson v. Palo Alto County, 65 Iowa 18, local citation, 24, 21 N. W. 175; Fulton v. Monona County, 47 Iowa 622. Under the last hypothesis, the claimant would not know, while accepting payment of the undisputed claim, that by rejecting the disputed portion thereof the board intended to offer such undisputed portion as a satisfaction of the entire claim. See cases last above cited.

But when the claim is entirely unliquidated and no part thereof admitted as just, the board of supervisors, when allowing a certain per cent of the whole amount claimed, is presumed by such allowance to offer the claimant a liquidated sum in full accord and satisfaction of the original claim. By thus accepting the liquidated sum allowed by the board, the claimant satifies the original unliquidated obligation in full. Board of Com'rs of Wapello County v. Sinnaman, 1 G. Green 413; Brick v. Plymouth County, 63 Iowa

462, 19 N. W. 304. See, also, Wilson v. Palo Alto County (65 Iowa 18, local citation, 23, 24, 21 N. W. 175), supra.

For the purpose of elucidation at this point, we set forth here a quotation from the Wilson case, reading on page 24 of 65 Iowa, 21 N. W. 175, 177:

"If the board of supervisors, in passing upon a claim against the county, should allow a certain per cent of the whole amount claimed, and refuse to allow the remainder thereof, they would thereby say to the claimant, in effect, that his claim as made by him was regarded as unjust or invalid, but that they were willing to pay the amount allowed in settlement or compromise of it; and if, with full knowledge of the action which had been taken on his claim, the claimant should, without objection, accept the amount allowed, this should be regarded as an acceptance by him of the terms of compromise offered, and he ought to be precluded from maintaining an action for the portion disallowed."

Again we said in Brick v. Plymouth County (63 Iowa 462)., supra, reading on page 463, 19 N. W. 304:

"It is claimed by counsel for appellant that the acceptance of the allowance made by the board of supervisors is a bar to an action for the balance of the bill which was rejected by the board. The evidence shows that the board of supervisors investigated the claim, allowed a part of it, and rejected the balance upon what appears to us to be good and sufficient grounds. There is no pretense that the plaintiff, when he received the amount allowed him, did not know that the balance had been rejected. * * * We think that under the circumstances the plaintiff was not entitled to recover. Wapello County v. Sinnaman, 1 G. Green 413. That was a case where a claim was presented against the county, and part of it was allowed and the balance rejected. The court said: 'If the plaintiff in this case presented his claim for allowance, and it was in part allowed by the board, and he accepted the amount thus allowed, he should not be permitted to afterwards sue for the balance. The acceptance of the part allowed should be considered satisfaction for the whole.' "

There is no doubt in the case at bar that the appellant fully understood that his claim, except for the $50 allowed by the board in full satisfaction thereof, was rejected. Consequently, when the

appellant accepted the $50, he did so with full understanding of the facts and circumstances. At the time of thus accepting the $50, the appellant under the circumstances knew that the county was offering the sum allowed in full satisfaction of the entire unliquidated claim. Perhaps the appellant complained to the auditor about the action of the board of supervisors, but he did not enter into an express or implied agreement with the board that he could accept the $50 on account and sue for the unliquidated balance. The appellant, therefore, is bound by his action in accepting the amount allowed by the county supervisors under the circumstances. His conduct in thus accepting the $50 amounted to a satisfaction of the entire claim. If, under the circumstances, the appellant desired to sue the county for any part of the claim, he should have rejected the $50 allowed. See cases above cited.

Wherefore, the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

MITCHELL, C. J., and EVANS, STEVENS, ANDERSON, KINTZINGER, ALBERT, and DONEGAN, JJ., concur.