## CITY OF RAWLINS v. JUNGQUIST.

Municipal Corporations—Streets—Change of Grade—Damages—Single Cause of Action—Presentation of Bill—Allowance of Part and Acceptance—Accord and Satisfaction—Pleading—Evidence—Appeal and Error—Order Upon Reversal.

1. Where certain abutting property is damaged by a change in the grade of a street the owner's cause of action against the city is single and not separable, and hence the presentation by the owner of an itemized bill of such damages is to be construed as a presentation of the claimant's entire demand.

2. A city having allowed and the owner having accepted a less sum than the amount claimed upon a bill representing an unliquidated claim for damages to abutting property caused by a change in the grade of a street, the presumption is that it was intended as full compensation, and in a suit for the balance the burden is upon the claimant to show a different understanding, where the previous allowance and

acceptance are shown under the city's plea of accord and satisfaction.

3. An itemized bill of damages to abutting property of the claimant caused by a change in the grade of a street having been presented to a city, and the record of the meeting of the city board at which the bill was acted on showing only that the claim for damages account grading for a stated sum, being the total amount of the bill, was presented and that a less amount was allowed, the action of the board, in the absence of a contrary showing, is to be construed as a rejection of the part not allowed, and as an allowance of a part in full settlement of the claim.

4. The several items of the bill being elements or integral parts of the damage resulting from a single cause, the fact that the amount allowed equals the aggregate of certain items, opposite which appears unexplained pencil marks, is not in itself sufficient to show that the allowance was intended as a partial and not a full payment of the claim.

ON PETITION FOR REHEARING.

5. Where the sufficiency of a pleading is questioned for the first time by an objection to the introduction of evidence, the most liberal construction will then be adopted to sustain it, if possible, and such objection will not be sustained unless there is an entire omission of a material fact or a total failure to state a cause of action or defense.

6. As against an objection upon the trial of a cause to the introduction of evidence a pleading will not be held insufficient merely because it states a material fact in the form of a legal conclusion.

7. As against an objection to the introduction of evidence, the defense of accord and satisfaction is held to have been sufficiently pleaded in an answer which alleged the allowance and payment by defendant of a part of plaintiff's claim as full compensation and that plaintiff accepted the same and thereby compromised and settled any and all claim which he might or did have against the defendant for the damages sued for, notwithstanding that the averment that plaintiff settled the claim by accepting the payment was stated in the form of a legal conclusion.

8. Where the finding of the trial court upon a material fact is found not sustained by sufficient evidence, and the finding upon another material fact is indefinite, and the judgment is reversed on error on that ground, as well as for error in

overruling the motion of the complaining party for a· new trial, the proper order is one remanding the cause for a new trial.

[Decided March 21, 1908.]          .          (94 Pac., 464.)
[Rehearing denied June 23, 1908.]          (96 Pac., 144.)

ERROR to the District Court, Carbon County, Hon. David H. Craig, Judge.

The material facts·are stated in the opinion.

*Charles E. Blydenburgh,* for plaintiff in error.

A city is not liable for damages to abutting property by change in the grade of streets in the absence of some statute or constitutional provision imposing such liability. (2 Dill. Mun. Corp. (4th Ed.), 1214.)   Where a constitutional provision is adopted such as Section 33 of Article I·of the Wyoming Constitution, providing that private property shall not be taken or *damaged* for public or private use without compensation, a liability is usually held to be imposed.   But the municipality has the power to grade and improve. streets, which is not exhausted by its first exercise. And it is held that the city is not liable for the first change of grade, or bringing the streets to the first grade established, though there are contrary decisions.   (Dill. Mun. Corp., 1236-1237; O'Donnell v. White, 24 R. I., 483.) Also that where a liability exists, a property owner cannot recover where he consents to or does the grading himself, or where he had made improvements after the grade was established, although the surface on actual change did not conform to the established grade.   (Jeffersonville v. Myers, 28 N. E., 999; Burlington v. Gilbert, 51 La., 356; Denver v. Vernia, 8 Colo., 399; Davis v. Ry. Co., 24 S. W., 777; Klinkenbeard v. St. Joseph, 27 S. W., 521; Wilber v. Fort Dodge, 90 N. W., 186; Groff v. Philadelphia, 24 Atl., 1048; Maghee v. Avondale, 31 Wkly. L. Bul., 163; Neubert v. Toledo, 2 O. Dec., 148; Owens v. Milwaukee, 47 Wis., 461.)   And that in no event is the city liable for the work

done in grading sidewalks or for destruction of sidewalks or for laying sidewalks. (Shelton v. Birmingham, 24 Atl., 978; Lewis v. New Brittain, 52 Conn., 568.) That conformation of inequalities of surface to grade is not a change of grade. (Comiskey v. Suffern, 22 N. E., 420; Omaha v. Williams, 71 N. W., 970.)

The acceptance by the plaintiff of the amount allowed by the city upon his presented bill for the damages claimed and here sued for amounted to a compromise of the entire demand, and a further recovery is not permissible. (Lathrop v. Evans, 45 Pac., 236; Sewell v. Mead, 52 N. W., 227; Board v. Seawell, 41 Pac., 592; Wapello Co. v. Sinnamon, 1 G. Greene, 413; Fulton v. Monona Co., 47 Ia., 622; Brick v. Plymouth Co., 63 Ia., 463; Bradley v. Delaware Co., 57 Ia., 552; U. S. v. Adams, 7 Wall., 463; U. S. v. Child, 12 Wall., 232; Davey v. Big Rapids, 48 N. W., 178; Browne v. Board (Mich.), 85 N. W., 745; Sharp v. Mauston, 66 N. W., 803; People v. Board, 52 N. Y., 89; Perry v. Cheboygan, 21 N. W., 333; Board v. Morgan, 65 Pac., 41; Murphy v. U. S., 14 Otto, 464 (5 N. W., 176); 17 Am. Dec., 118; Alice v. Billing, 2 Cush., 26; Fisher v. Hay, 5 Am. Dec., 626; 8 Cyc., 533; Harding v. County, 7 N. W., 466; Hodge v. Hodge, 26 Am. Dec., 52; Vosburgh v. Teator, 38 N. Y., 561; Powell v. Jones, 44 Barb., 521; Hunter v. Com'rs., 62 Atl., 213; Morse v. Monroe, 30 Ga., 630; Frick v. Price, 66 N. W., 834; Oglesby v. Attrill, 105 U. S., 605; Comstock v. U. S., 9 Ct. Cl., 141; Taylor v. Patrick, 4 Ky., 168; Adele v. Prudhommo, 16 La. Ann., 343; Tard v. Tarry, 26 Mo. App., 598.) The evidence does not show certain items only were allowed. The allowance was on account of the entire claim.

Interest on the damages found was improperly allowed for two reasons. First, there was no prayer for interest, and, therefore, none is allowable. (R. S. 1899, Sec. 3533, Sub. 3; March v. Wright, 14 Ill., 248; Carter v. Lewis, 29 Ill., 500; Prescott v. Maxwell, 48 Ill., 82; Race v. Sul-

livan, I Ill. App., 94; Grand Lodge v. Bagley, 60 Ill. App., 589; David v. Conrad, I G. Greene, 336; Krause v. Hampton, II Ia., 457; Green v. Dunn, 5 Kan., 254; Shepard v. Pratt, 16 Kan., 209; Graves v. Adm'r., 4 Ky. L. R., 452; Babin v. Nolan, 6 La. Ann., 295; Brown v. Bessou, 30 La. Ann., 734; Van Piper v. Morton, I Mo. App., 651; 61 Mo. App., 440; Goggan v. Evans, 12 Tex. Civ. App., 256; Adams Exp. Co. v. Milton, 74 Ky. (II Bush.), 49; Shockley v. Fischer, 21 Mo. App., 551; Denise v. Swett, 68 Hun, 188.)   Second, interest is not generally recoverable upon unliquidated demands. (22 Cyc., 512, and note.) There is an exception to this rule, viz.: that where an unliquidated demand is capable of and is ascertainable by mere computation it will bear interest, but where it requires evidence and a trial to ascertain the amount, then interest is not allowed, especially if the evidence is conflicting. The matter of interest is purely statutory. By no construction of ·the statutes on the subject can they be made applicable to a claim for damages caused by a change of grade. (Hawley v. Baker, 5 Colo., 118; Palmer v. Murray, 21 Pac., 127.)

*L. E. Armstrong,* for defendant in error.

The liability of a municipal corporation for damages caused to abutting property through a change in the grade of streets is clear under our constitution. (Art. I, Sec. 33; Pumpelly v. Canal Co., 13 Wall., 166; 2 Abb. Mun. Corp., 1837; R. R. Co. v. Ayres, 106 Ill., 511; Chicago v. Taylor, 125 U. S., 161; Mayor, &c., v. Herman, 16 So., 434; St. Louis v. Lang, 33 S. W., 54; Ogden v. Phila., 22 Atl., 694; O'Brien v. Phila., 24 Atl., 1047.) There seems to be no reason for distinguishing between damages occasioned under an ordinance changing the grade, and those caused under an ordinance which for the first time fixes the grade. (Bloomington v. Pollock, 31 N. E., 146.)

The evidence does not sustain the proposition that the allowance and acceptance of a part of plaintiff's claim was a compromise. There was no mutuality of agreement or under-

standing necessary to a compromise. (Oil Co. v. Wilson, 56 S. W., 429; Jennison v. Stone, 33 Mich., 99; Barnawell v. Threadgill, 56 N. C., 50; Norris v. Slaughter, 3 Greene, 116; Luce v. Ins. Co., 15 Fed. Cas. No. 8589; Lampkins v. R. Co., 8 So., 530; Carver v. Louthain, 38 Ind., 530.)

The general rule is that it is sufficient if the party to whom an offer of compromise is made clearly gives evidence of his intention to accept an offer as a settlement of the disputed claim; such intention may be shown either by word or letter, or it may be constructive or implied from the acts of the party to whom the offer was made, as where he receives and retains the amount which to his knowledge was offered on condition of its being accepted as a compromise; but, in the case at bar, the attention of the defendant in error was never called to the fact that the money which was paid to him was in any sense a compromise. It was not accepted for damage done by lowering the grade, but in payment for the destruction of the sidewalks and for the relaying of the same, shown by the fact that the amount allowed is the amount of the items of the bill relating to the sidewalks. (Fuller v. Kemp, 33 N. E., 1034.)

A compromise must be established by a preponderance of the evidence. (Bank v. Galvin, 45 N. E., 353; Grove v. Bush, 53 N. W., 88.) An examination of the bill in question will clearly show that the subject of damage for change of grade was never entered into, nor included in the allowance made by the board. Jungquist received the warrant knowing that the board had considered and acted upon but three items of his bill, none of which pertained to the damage to his property by virtue of the grading, but only for the payment for the destruction of the material in his sidewalks, and for the expense of relaying the same. There was not, therefore, any allowance and acceptance of payment of a part in settlement or satisfaction of the entire claim. (Ins. Co. v. Siebert, 56 N. E., 686; Lambkin v. R.

R. Co., 8 So., 530.)   A transaction to amount to a compromise must be agreed on and consented to.   It must be shown that there was a full and complete settlement of all matters and things in controversy.   (Forbes v. Petty, 37 Neb., 899.)

The allegation of the answer on the subject of settlement is a mere legal conclusion, and does not constitute a defense.   Testimony in support of it was admitted erroneously over plaintiff's objection.   And the reply did not aid the defective answer.   (West v. Cameron (Kan.), 18 Pac., 894; Ry. Co. v. Shepherd (Neb.), 85 N. W., 189; March v. Marshall, 53 Pac., 396; Renihan v. Wright, 9 L. R. A.; Marshall v. Mathers (Ia.), 3 N. W., 120.)   It is not too late to question the sufficiency of the answer, since the evidence offered under it was timely objected to.   (Bank v. Smith, 11 Wheat., 171; Hurd v. Brew. Co. (Tex.), 51 S. W., 883; 57 S. W., 573; Abbott's Tr. Br. on Pl., 1281, 1279, and cases cited.)

The allowance of interest is complained of, and it is true the petition does not contain a prayer for interest.   There is a difference between interest as damages and contractual interest; the proper distinction being that where interest is payable by virtue of a contract it is an integral part of the debt.   (Davis v. Harrington, 35 N. E., 771; Ohio v. R. Co., 6 O. St., 489.)   But where interest is recoverable as damages, it is merely an incident of the principal debt, and follows the principal as such incident, until it is separated and set apart in some manner as a particular debt.   (Washington v. Bank, 28 Am. Dec., 333; S. R. Co. v. Moravia, 61 Barb., 180.)   Where interest is recoverable as damages and is a legal incident of the debt sued on, or where the allowance is required under equitable principles, interest should be allowed, although no demand is made therefor in the bill or declaration.   (Lane v. Cluckauf, 27 Am. Dec., 121; Stanley v. Anderson, 65 N. W., 247; Peterson v. Mannix, 90 N. W., 210; Whitaker v. Pope, 29 F. C. No. 17528; 2 Abb. Tr Br. Pl., 1743; R. Co. v. Great-

house, 17 S. W., 834; Porter v. Russeck, 29 S. W., 72; 44 S. W., 550.)

The measure of damages is the difference in the market value of the property immediately before and immediately after the grading. (O'Brien v. Phila., 24 Atl., 1047; Council v. Schameck, 23 S. E., 400; Stewart v. Council Bluffs, 50 N. W., 219; Topeka v. Martineau, 5. L. R. A., 775; Council v. Maddox, 7 So., 453; Lowe v. Omaha, 50 N. W., 760; Bachus v. Ry. Co., 37 Pac., 750.) While such items as the cost of lowering to grade cannot be shown as substantive items of damages, it is proper to be taken into account by the witnesses in forming their opinion of the depreciation in the value of the property. (Esclick v. Ry. Co., 3 N. W., 700; Chase v. Portland (Me.), 29 Atl., 1104; Topeka v. Martineau, 22 Pac., 419; McCarty v. St. Paul, 22 Minn., 52; Stowell v. Milwaukee, 31 Wis., 523; Cook v. Ansonia (Conn.), 34 Atl., 183; Council v. Schameck, 23 S. E., 400; Lowe v. Omaha, 59 N. W., 760; Dawson v. Pittsburgh, 28 Atl., 171; Stewart v. Council Bluffs, 50 N. W., 219; Sedg. Dam. (8th Ed.), 1163, *et seq.;* Lewis Em. Dom., 478, 484, and cases cited; Omaha v. Hansen, 54 N. W., 83.)

The term "land," as used in constitutional provisions as to eminent domain has often received an interpretation to the exclusion of improvements; but the word "property" is much broader than land and includes improvements. (Dalzell v. Davenport, 12 Ia., 437; Preston v. Cedar Rapids, 64 N. W., 377; Lafayette v. Nogle, 113 Ind., 426; Seasongood v. Cincinnati (O.), 5 Cir. Ct., 225; *In re* Wall Street, 17 Barb., 617; Refentbaler v. Phila., 28 Atl., 840.)

*L. E. Armstrong* and *Chris Mathison,* for defendant in error. (On petition for rehearing.)

Though it will be presumed that a general settlement included all matters of difference between the parties, there is no presumption of a general settlement; whether or not there has been a general settlement is a matter of proof

with the burden upon the party alleging it. The proof in the case at bar failed utterly to show such a settlement, and the plaintiff's acceptance of the amount allowed was not with knowledge or notice that the remainder of the claim had been rejected, and hence the case does not come within the rule of accord and satisfaction upon payment and acceptance of a part in full settlement. (11 Cyc., 599, and cases cited.)

It is the unquestionable rule that parties may settle not only substantive items of a single cause of action, but elements of general damage. (Mulligan v. Ice. Co., 109 N. Y., 657; Hinkle v. Ry. Co. (Minn.), 18 N. W., 275; Green v. County (Neb.), 85 N. W., 438; Board v. Mach. Works (Ind.), 42 N. E., 689; Watson's Dam. for Per. Inj., 700, 701.)

Whether there has been a settlement in full is a question of fact. (Hinkle v. Ry. Co., *supra;* Anderson v. Granite Co. (Me.), 43 Atl., 21; Spokane v. Costello (Wash.), 84 Pac., 652; Green v. County, *supra;* Coal Co. v. Parlin (Ill.), 74 N. E., 143; Johnson v. Bards (Ia.), 106 N. W., 609.)

There being no presumption of law that a general settlement occurred, the fact would not be established in this case without showing that the plaintiff knew that the balance of his claim had been rejected, and there is no evidence in the case of any such knowledge on his part. To constitute an accord and satisfaction it is necessary that the payment be offered in satisfaction under such circumstances that the party to whom it is tendered takes it subject to such condition. (Beaver v. Porter (Ia.), 105 N. W., 346.) That the burden of proof was on the defendant seems to be clear. (Bray v. Bray (Ia.), 103 N. W., 477; Franks v. Matson (Ill.), 71 N. E., 1011.)

While the city attempted to plead and prove a general settlement, yet no contract (complete in itself) importing to settle all differences (Freeman v. Freeman (Mich.), 35 N. W., 897) has been shown; nor has it been shown that all

the liability was in contemplation of the parties at the time or that there was a purpose in making such payment to settle all of their mutual differences. (Spokane v. Costello, 84 Pac., 652.) Though the defendant pleaded a general settlement, he must prove it; and it is competent for the plaintiff to show the contrary, and even that certain items were not included in a settlement. (Dudley v. Iron Co., 13 O. St.; Ins. Co. v. Siebert (Ind.), 56 N. E., 686.)

The retention of the amount paid proves nothing, unless it was paid and accepted in full settlement. (7 Cur. L., 13, 16; Caine v. Life Asso'n., 115 Ill. App., 307; Creighton v. Gregory (Cal.), 75 Pac., 569; Greenlee v. Mosnat (Ia.), 90 N. W., 383; Neely v. Thompson (Kan.), 75 Pac., 117.)

The defense of accord and satisfaction must be specially pleaded. The plea in this case was a mere legal conclusion, and, therefore, insufficient, and the objection to evidence under the plea sufficiently raised the question. (Renihan v. Wright (Ind.), 25 N. E., 822; Sheets v. Russell (Ind.), 40 N. E., 30; Eachus v. Ry. (Cal.), 37 Pac., 750.) If the proof had gone in without objection the failure to specially plead the defense would not be waived in the absence of a verdict or finding sustaining it. (Wilkerson v. Bruce, 37 Mo. App., 156; Dailey v. Asso'n. (Mich.), 95 N. W., 326.) The plea of payment amounted only to a set-off. (Hedlun v. Min. Co. (S. D.), 92 N. W., 301: 1 Cyc., 341, 342.) That the allegations were insufficient to constitute a defense of accord and satisfaction, see Heath v. Doyle, 18 R. I., 252; Karter v. Fields, 140 Ala., 352; Towry v. U. S., 42 Fed., 207; Johnson v. Hunt, 81 Ky., 321; Canal Co. v. Van Vorst, 21 N. J. L., 100; Bird v. Carital, 2 Johns., 342; Hogan v. Burns (Cal.), 33 Pac., 631.) Evidence of accord and satisfaction is not admissible under plea of payment. (Wallace v. Chandler, 16 Ark., 651; Johnson v. Neimeyer, 10 Ind., 350; Hamilton v. Coons, 35 Ky., 317; Adm'rs. v. County (Ky.), 90 S. W., 1054; Rutan v. Huck (Utah), 83 Pac., 833.)

The council, in the case at bar, treated the items allowed as distinct damages and failed to act on the part of the

claim for depreciation in the value of the property. The latter was left open.

Should reversal be adhered to, the cause should be remanded for new trial.

*Charles E. Blydenburgh,* for plaintiff in error, submitted the following points and authorities upon the question whether upon reversal the cause should be remanded for new trial or with direction to enter judgment for plaintiff in error, the defendant below, and contended that judgment should be directed:

It would be incompetent to alter the effect of the record of the action of the city board in relation to the claim of defendant in error by parol testimony. (Aurora v. Fox, 78 Ind., 1; Childrey v. City, 11 L. R. A., 315; Yavapai Co. v. O'Neil, 29 Pac., 430; Cory v. Hamilton, 51 N. W., 54; Whitehead v. Sch. Dist., 22 Atl., 991; Lowell v. Wheelock, 11 Cush., 391; Morrison v. Lawrence, 98 Mass., 219; *In re* Buffalo, 78 N. Y., 362; Johnson v. Co., 12 Neb., 28; Company v. Tierney, 47 Ill. App., 840; Taylor v. Henry, 2 Pick., 397; Methodist v. Herrick, 25 Me., 354; Gilbert v. City, 40 Conn., 102; Baker v. Scofield, 58 Ga., 182; Clark v. Robinson, 88 Ill., 498; Hall v. Jackson Co., 95 Ill., 352; Moor v. Newfield, 4 Me., 44; Small v. Pennell, 31 Me., 267; Medlin v. Platte Co., 8 Mo., 235; Maupin v. Franklin Co., 67 Mo., 327; Greely v. Quinby, 22 N. H., 335; Meeker v. Van Rensselaer, 15 Wend., 397; Thompson v. Smith, 2 Denio, 177; Cabot v. Britt, 36 Vt., 349; Eastlind v. Fogo, 58 Wis., 274.) It cannot be said, therefore, that a new trial will bring out any further facts upon the point in issue.

It is a fundamental proposition that where a litigant has had an opportunity to present evidence of which he should have knowledge, and has failed to do so, a new trial will not be allowed for the purpose of allowing him to introduce such evidence or to produce cumulative or other evidence. Section 4265, Revised Statutes 1899, is mandatory and applies here requiring either the rendition of a proper judgment by

the appellate court or that the lower court be directed to render the same. (R. R. Co. v. Simpson, 5 O. St., 251; Bunn v. Kinney, 15 O. St., 40; Higgins v. Higgins, 57 O. St., 239; Ins. Co. v. Church, 21 O. St., 492.)

Under the record in this case all of the findings of fact might stand and yet the judgment would have to be reversed on account of error in the conclusions of law and in applying the law to the facts found. The record is before the court and from that record the judgment the district court should have rendered is evident, viz.: dismissal or for the defendant, and this is the judgment that has been rendered by the supreme court, and we can see no reason why it should be modified in any way, or that the case should be remanded for a new trial. The ends of justice could not in any way be subserved thereby.

SCOTT, JUSTICE.

This action was commenced in the district court of Carbon County by William Jungquist, the defendant in error, as plaintiff, against the City of Rawlins, plaintiff in error, as defendant, to recover for alleged damages to his property by reason of lowering the grade of streets adjacent thereto in accordance with an ordinance of the city.

From the record it appears that for many years Jungquist has been and is the owner of a lot of 24 feet frontage on Fifth street and extending back along Cedar street with the same width in the rear and to a depth of 132 feet. The lot was occupied by a large frame store building and basement and a small frame store building, the first being used in the hardware business which was conducted in and upon said premises by the plaintiff until some time in the month of January, 1902. That in 1901 and 1902 the grades and surfaces of the adjoining streets were altered and changed by an ordinance and made to conform thereto. Thereafter and on September 24, 1902, Jungquist presented to and filed a bill with the board of trustees of the City of Rawlins, in which he claimed damages in the sum of $1,629.65 to his

property by reason of the change in the grade. Thereafter and on December 31, 1902, the board took up and considered the bill and allowed the sum of $277.65, which was paid to and accepted by Jungquist. On August 26, 1903, he presented to the trustees another verified bill for $3,400 for damages to the same property, $2,500 of which was for diminution in the value of his premises, and also $900 for damages by reason of loss of rents alleged to have been caused by the premises being rendered inaccessible by the city's regrading Fifth and Cedar streets of that city. This bill does not appear to have been acted upon by the trustees.

The defendant pleaded as one of its defenses that the payment to and acceptance by Jungquist of the sum of $277.65 allowed on his bill which he presented and wherein he claimed $1,629.65 as damages operated as a full compensation and a complete settlement of all matters, differences and damage by reason of any action of the City of Rawlins in grading the streets adjacent to his property.

The case was tried to the court without the intervention of a jury and the court found and rendered its judgment in favor of Jungquist and against the city in the sum of $2,222.35 and interest thereon at eight per cent per annum from August 26, 1903, and at the same time found and separately stated its findings of fact and conclusions of law. The city brings the case here on error.

1. It is contended, first, that the decision of the court is against the weight of the evidence and the law; second, that the court erred in its seventh finding of fact; third, that the court erred in its third conclusion of law.

It was in issue under the pleadings and the evidence whether prior to and at the time the damage complained of the plaintiff had made his sidewalk and premises to conform to a grade or any grade which had theretofore been established, and his right to recover at all was contested on that ground. Upon this question the court found adversely to the contention of the defendant, but as the evidence was conflicting and also in view of the conclusions reached upon

another branch of the case we do not deem it necessary to discuss the question.

The seventh finding of fact is as follows: "That during the month of September, A. D. 1902, plaintiff presented an itemized account to the board of trustees of the City of Rawlins, setting forth the items of his ·claim against the said city for damages to his said premises, caused by the grading of the streets adjacent thereto, and that on or about the 31st day of December, A. D. 1902, the said board of trustees in meeting assembled did allow ·on said bill and account presented as aforesaid to said board of trustees, the following items, to-wit:

To tearing up and damaging said stone pavement,
    making it unfit for further use................$189.65
To 26 days excavating to sidewalk grade.......... ·52.00
To relaying board walk in place of stone pavement.  36.00
                                                    _____

    Total amount allowed . ....................$277.65

"And a warrant was issued payable to the plaintiff for said amount. That the balance of the items of the bill were rejected or not acted on by the said board of trustees."

The third conclusion of law is as follows: "That the plaintiff is entitled to a judgment in his favor and against the defendant for the sum of twenty-two hundred and twenty-two and thirty-five hundredths ($2,222.35) dollars, the same being the amount of plaintiff's damages in the sum of twenty-five hundred ($2,500.00) dollars, less two hundred seventy-seven and sixty-five hundredths ($277.65) dollars paid by defendant to plaintiff; and the plaintiff is entitled to interest thereon from the 26th day of August, A. D. 1903, at the rate of eight per cent per annum."

The item for $900 was rejected by the court by its fourth conclusion of law.

The question here presented is whether the bill for damages presented in September, 1902, the action of the board and the acceptance of the amount allowed thereon by Jung-

quist amounted to a complete settlement of the matters here sought to be litigated.   That bill is in words and figures as follows :

"City of Rawlins, County of Carbon, to William Jungquist, Dr.   Bill of damages to corner Fifth and Cedar streets, account grading.

| 1902. | To tearing up and damaging of stone pavement, making it unfit for further use.....$ | 189.65 |
| | To 26 days excavating to sidewalk grade.. | 52.00 |
| | To relaying board walk in place of stone pavement torn up..................... | 36.00 |
| | To 15 perches of rock wall torn down.... | 45.00 |
| | To lower house to grade................. | 877.00 |
| | To damages to upper story to date........ | 400.00 |
| | To damage to basement for month of July. | 30.00 |
| | | $1,629.65" |

Regardless of the items, it will be observed that the damage for which compensation is claimed is shown by the bill to have resulted from the same cause.   It is designated as a bill for damages to the premises and it was so regarded by the court in its findings.   There is no question of the identity of the property or the cause of the damage, and while the suit was not predicated upon any action of the board of trustees on this bill, yet plaintiff's cause of action is inclusive of and for damages referred to in this bill.   The court in its finding treated them as identical and credited the amount allowed on this bill upon the amount of damage which it found that the plaintiff had sustained.   Upon the record the plaintiff is, therefore, in the attitude of having part of his demand allowed, accepting the amount so allowed and suing for the balance.

Having presented his bill and accepted the amount allowed thereon and there being no express agreement that it should be in satisfaction in whole or in part of the cause of action, the presumption is that it was intended as full recom-

(14)

pense for the damage sued for.  (Bowman v. Ogden City,
93 Pac., 561.)   To overcome such presumption it is not
sufficient to show that one of the parties did not so under-
stand it, but it is necessary to show that the minds of the
parties were in harmony on that question.  Jungquist testi-
fied that he did not so understand it.   Mr. O'Donnell, who
was city clerk, testified upon this subject and said that the
first three items of the bill were paid by the delivery of the
warrant, that he would say that from the pencil check marks
upon them, also that he did not know exactly whether those
were the items which were allowed, but that added up they
would make that amount, and further that "The board of
trustees allow the bills, I draw the warrants." The record
of the board of trustees shows that the bill came up for
consideration on September 24, 1902, and was laid over,
and in the record of the proceedings of the trustees under
date of December 31, 1902, is the following entry:  "Wm.
Jungquist, damages account grading, bill for $1,629.65, al-
lowed $277.65."  The items of the bill were but elements and
component parts of the damage sustained from a single
cause.  (27 A. & E. Ency. of Law, 143, 144.)   The cause
of action was single and not severable, and the fair meaning
of plaintiff's claim as presented by him is that it was a pre-
sentation of his entire demand, and that it was so understood
by him is evident from his testimony.   Upon cross-exam-
ination he was interrogated and answered as follows:

Q.   This bill (referring to bill acted on by the trustees on
December 31, 1902) was for the same damage, the same
claim you are now suing on?

A.   No, sir, not at all.  The grade had got nothing to do
with it.

Q.   It hasn't anything to do with the damage you sus-
tained?

A.   Yes, sir.

Q.   Was this bill for $1,629.65 for damages you sustained
by grading or not?

A.   It was tearing up the sidewalk.

Q.   Damage you sustained by tearing up the sidewalk?

A.   A part of the damage, yes, sir.

Q.   You expected when you got all that to put in some more for damage and keep it coming?

A.   That's all right.   If they had settled the bill there wouldn't have been anything more said about it.

Q.   If the city had settled the bill it would have paid you for all damages?

A.   To that time, yes, sir.

The trustees in considering the claim must necessarily have considered the question as to whether the plaintiff was entitled to any damages, and the amount of such damage, whether itemized or not, was for them to consider.   We are unable to perceive any difference, so far as plaintiff's rights are concerned, between presenting his bill in this form, and from presenting a claim for a lump sum and appearing before the trustees and showing what the elements of damage were and the component parts going to make up such lump sum.   The tearing up and relaying the sidewalk was an element of damage occasioned by the lowering of the street to the grade or else plaintiff upon the case was entitled to no compensation therefor.   That was an element to be taken into consideration in determining the amount of his damage.   (Holley v. Torrington, 63 Conn., 426; Cook v. Ansonia, 66 Conn., 413; Pickles v. Ansonia, 76 Conn., 276; 27 A. & E. Ency. of Law, 141, 142.)

It may be that the damage to his property was greater than he supposed it to be at the time he presented this bill, but neither in the pleadings nor in the evidence does he seek on this ground to avoid the effect of his acceptance of the amount allowed thereon.   As already stated, having accepted the part allowed on his bill, the presumption is that he accepted it in full settlement of his claim.   The burden was upon him to show a different understanding.   (Bowman v. Ogden City, *supra*.)   The only thing upon which he relies is the fact of there being pencil marks on the first three items of the bill and that those items aggregated the

amount allowed. How, when or by whom they were placed there is not shown, and, as already stated, the items were elements or component parts of damage resulting from a single cause. In Bowman v. Ogden City, *supra,* the court say: "In the presentation of his claim the plaintiff was not at liberty to split his demand. He could not present his claim only for a part, and, if it was allowed, accept it and then present another claim for another part." The rule thus announced is, in our judgment, equally applicable to a case where a claim is allowed in part and rejected in part. In California it was held that when a plaintiff sues for a part of an entire demand and recovers judgment therefor that that constitutes a good plea in bar to a future action for the balance of the same entire demand. (Zirken v. Hughes, 77 Cal., 235.) The acceptance of the part allowed would be a good defense to an action for the balance. (Brick v. Plymouth County, 63 Ia., 462; Commissioners v. Seawell, 3 Okla., 281, 287.) In the former case Brick sued the county to recover for professional services rendered to persons afflicted with smallpox and who were confined in a pest house. A part of the bill was allowed by the county and accepted by Brick, and the balance having been rejected suit was brought to recover the amount so rejected. The court say: "It is claimed by counsel for appellant that the acceptance of the allowance made by the board of supervisors is a bar to an action for the balance of the bill which was rejected by the board. The evidence shows that the board of supervisors investigated the claim, allowed a part of it and rejected the balance upon what appears to us good and sufficient grounds. There is no pretense that the plaintiff, when he received the amount allowed him, did not know that the balance had been rejected. Indeed, orders of rejection were written on the bill when it was introduced in evidence in the court below; and the plaintiff in his testimony as a witness, did not deny that he was fully aware of the action of the board of supervisors when he received the allowance made him."

In the case before us, while it is true that the defendant testifies that the warrant was in effect a part payment of the bill, yet he nowhere testifies that that was the understanding when he received and cashed the warrant. While there may be a seeming discrepancy between Brick v. Plymouth County, *supra,* and Fulton v. Monona County, 47 Ia., 622, the court, in the opinion in the former case, say: "It is contended, however, that a different rule was announced in Fulton v. Monona County, 47 Ia., 622. In that case it was not shown that the claimant received the part allowed on the claim with knowledge that the balance had been rejected, and the case is made to turn upon this fact." In Wapello Co. v. Sinnamon, 1 G. Greene, 413, a claim had been presented to the county, and part of it allowed and the balance rejected. The court said: "If the plaintiff in this case presented his claim for allowance, and it was in part allowed by the board and he accepted the amount thus allowed, he should not be permitted to afterward sue for the balance. The acceptance of the part allowed should be considered satisfaction for the whole."

In the case before us the claim is for unliquidated damages. The amount of compensation to which the plaintiff was entitled is neither fixed by statute nor by a precedent contract. As already stated, his claim for damages resulted from a single cause. In 1 Ency. Pl. & Pr., at page 148, it is said: "It is a well established rule of law that a single cause of action cannot be split in order that separate suits may be brought for the various parts of what really constitutes but one demand." It is further said in the same volume, at page 150, that: "There is no precise rule for determining what constitutes an entire cause of action * * *. It depends upon the facts of each particular case, and is often a difficult question. Certain rules, however, may be formulated." One of the tests which is frequently given is whether the evidence necessary to prove one cause of action would establish the other. (Hill v. Joy, 149 Pa. St., 243; Bigelow on Estoppel, 44; Lyon v. Miller, 24 Pa., 392;

Com. v. Trimmer et al., 84 Pa., 65, 69; Richardson v. Opelt, 69 Neb., 180, 189.) In Stark v. Stair, 94 U. S., 477, 485, it is said: "It is undoubtedly a well settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piece meal, or present only a portion of the ground upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible. · But this principle does not require distinct causes of action, that is to say, distinct matters—each of which would authorize by itself independent relief, to be presented in a single suit, though they exist at the same time and might be considered together."

The rule with reference to damages in the exercise of the right of eminent domain is, we think, peculiarly applicable in this connection. In the exercise of that right there must be (1) a lawful seizure of the property, and (2) just compensation to the party whose property is taken. When a party sues for damages in such a case his right to recover is based upon the wrongful act of denying just compensation for the injury and the action is treated and spoken of in the decisions as for a wrongful act. It is said in Sutherland on Damages (3d Ed.), Sec. 1065, as follows: "The word compensation imports that a wrong or an injury has been inflicted and must·be redressed in money." We are not dealing with the subject of a continuing trespass. The act complained of was a completed act. All of the damages resulting from that act were recoverable in a single action. At Sec. 110, id., it is said: "The principle is settled beyond dispute that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings, on which it is rendered, whether the suit embraces the whole or only a part of the demand constituting the cause of action. It results from the principle,

and the rule is fully established, that an entire claim arising either upon a contract or from a wrong cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits of either will be available as a bar in the others." The same author says in Sec. 120, id.: "In the application of the rule that all the damages which pertain to a cause of action, without reference to the time when they actually accrue, are entire and cannot be recovered by piece meal by successive actions, it is frequently necessary to take into consideration damages which have not been actually suffered either at the commencement of the suit or at its trial; for otherwise there would be a very inconvenient postponement of that class of actions or a renunciation of a large part of the compensation due to the injured party. When a cause of action accrues there is a right, as of that date, to all the consequent damages that will ever ensue. They are recoverable in one action if they can be proved, and only one can be maintained; it may be brought at any time after the accrual of the right." In speaking of damages in eminent domain, in 15 Cyc., at page 689, it is said: "It is to be observed that the damages sustained by the owner are a unit, although composed of integral parts, viz.: the value of the land and the injury to the remaining part." At page 703, id., it is also said: "The measure of damages to an abutting owner caused by a change of grade of a street or highway is generally held to be the difference between the value of the abutting property before the change of grade and its value therafter * * *. Depreciation in the rental value of the property, and interference with the right of ingress and egress are elements to be considered in estimating such damages." The text is supported by an abundance of authorities cited in the foot notes.

In Elliott, Roads and Streets, at page 345, it is said: "The change of grades is a permanent matter and all re-

sulting injury must be recovered in one action, for the property owner cannot maintain successive actions as each fresh annoyance occurs." The author cites in support of the text: City of Lafayette v. Nagle, 113 Ind., 425; City of Vernon v. Voegler, 103 Ind., 314; Central Branch R. R. Co. v. Andrews, 21 Kan., 702. The author further says, on the same page, that this rule "is in strict harmony with the rule which prevails, and has long prevailed, in cases where property is seized under the right of eminent domain. Grades are changed under a sovereign right closely akin to the right just named and it is in accordance with established practice to apply to such cases the rule which governs analogous cases." The change of grade was an act done by the municipal corporation under a claim and color of right. It was an act permanent and enduring in its character. In City of Lafayette v. Nagle, *supra*, damages were sought by an abutting lot owner for changing the grade of an alley. It is there said that there is a plain distinction between a mere transient trespass and an act which both parties treat as of an enduring character. The court say: "In such a case as this, and in all cases where the thing done is done under color of legal authority, and is permanent, the wrong doer, while he may not be vexed with many actions, must pay full compensation to the person he has injured. But the public has an interest in these matters, and that interest demands that when one action will fully settle the controversy and bring the wronged person full compensation one action only can be maintained * * *. Damages to land arising from one permanent wrong, committed under color of legal right, cannot be collected in shreds and patches as each new loss arises, but must be recovered in a single action. It is not the damages alone that constitute the cause of action, for a cause of action is composed of both injury and damages. If there is a single injury—and there can be only a single injury where the thing that causes it is permanent—there can be only one action, for a single injury cannot be dissected into many

parts, and thus made to yield a progeny of actions, limited only by the possibility that a time may come when no new inconvenience or loss can be suffered * * *.   When the thing done is permanent the injury is not repeated, and when there is no repetition of an injury there cannot be successive actions."

The settlement of the plaintiff with the defendant without fraud or deception partook of the nature of an adjudication of the differences between them growing out of regrading the streets adjacent to his property.   The same proof would be necessary to show the cause of the damage to enable him to recover a part or all of the damage either in one or in separate suits, and the damages sustained were but a unit, although composed of integral parts.   The plaintiff submitted his claim to the trustees and invoked their action thereon and accepted the amount which they allowed.   He was not bound by their action.   He could either accept the amount allowed him or reject it and bring suit upon his claim and litigate it as an entirety.   He could not accept and retain the amount allowed and maintain an action for the balance in the absence of an express understanding that it was only a partial allowance.

In Hunt v. Franklin County Commissioners, 100 Me., 445 (62 Atl., 213), the plaintiff was present when the board of county commissioners passed upon his itemized bill and allowed a less amount than he claimed; he accepted this amount and by *certiorari* brought the case before the court for review.   The court say: "The petitioner urges that the allowance of a lump sum for his itemized bill less than the full amount was illegal.   That the commissioners should have allowed or disallowed each item and should be compelled to do so now, in order that he might bring the disallowed item before the court.   On the other hand, the respondents claim that *certiorari* is not the proper remedy for the petitioner.

"We have no occasion to consider either of the above contentions, since a complete answer to the petition is made

by the fact that with knowledge that $100 was allowed him in full for his whole bill, he drew that amount from the treasury and has not returned it. He cannot now reopen the matter. (Perry v. Cheboygan, 55 Mich., 250 (21 N. W., 333); Brick v. Plymouth County (Ia.), 19 N. W., 304; Murphy v. U. S., 104 U. S., 464; 26 L. Ed., 833.) As well might a plaintiff who had collected judgment in a common law action for less than his claim stated, afterward maintain an action on the same claim." In the case before us neither before the commencement of his suit nor at any time during the progress of the trial, though informed of the nature of the defense, did the plaintiff return or offer to return the amount allowed and accepted by him. By his conduct he affirmed the action of the trustees, but contends that it was a part payment only. The evidence of the city taken in connection with the presumption accompanying it cast upon him the burden of showing that such payment was so understood and intended. The evidence wholly fails to support such contention.

We are of the opinion that the decision of the court is against the evidence, under the law applicable to it, and that the court erred in its seventh finding of fact and its third conclusion of law.

The judgment will, therefore, be reversed and the cause remanded to the district court with directions to enter judgment for the defendant, the plaintiff in error here.

*Reversed.*

POTTER, C. J., and BEARD, J., concur.

### ON PETITION FOR REHEARING.

POTTER, CHIEF JUSTICE.

The defendant in error has filed a petition for a rehearing and insists thereby not only that the points involved in the case were incorrectly decided, but that upon the conclusion reached the court should have remanded the cause for a new trial instead of directing judgment.

1. In the brief in support of the petition we find again discussed the effect of plaintiff's acceptance of the amount

allowed by the city upon his bill presented in 1902, and it is again insisted that the circumstances do not show a payment and acceptance in satisfaction of the entire claim. That question is fully considered in the former opinion and but little further comment respecting it seems necessary.

Plaintiff presented to the city a claim for unliquidated damages. So far as this case is concerned he had nothing but an unliquidated demand. Moreover, it seems to have been disputed. At least a part only was allowed, and in this suit upon the claim it was contested upon the ground, among others, that there was no liability on the part of the city for any of the damages alleged. The rule, therefore, to be applied to the allowance and acceptance of a part of the claim is the well settled one that payment and acceptance of a less sum than claimed, in satisfaction of an unliquidated or disputed claim, operates as an accord and satisfaction. (1 Cyc., 329-331; 1 Am. & Eng. Ency. L., 419-420.) That the claim presented was for the entire demand seems to be clear, and was practically admitted by the plaintiff in his testimony. The bill contained several items, it is true, but they were each and all claimed as a result of the same cause or injury, viz.: as damages on account of grading, as stated in the bill, or, as set out in the suit, on account of a change in the grade of the streets adjoining plaintiff's property. That the claim was unliquidated is not denied, nor could it be. That part had been allowed and accepted is conceded. The only controverted question of fact, therefore, in reference to this matter was and is whether the payment and acceptance was in full satisfaction of the damages claimed. The solution of that question depends upon the evidence and the inferences to be necessarily drawn therefrom.

The evidence upon the question, though meager, is not conflicting. It consists principally of the bill as presented, the record of the action upon it by the city trustees or council, and the warrant drawn and delivered to and accepted by the plaintiff. In addition, the plaintiff testified in answer to a question upon cross-examination that the bill upon

which the allowance was made was not for the same claim or damage for which he was sueing, and that the grade had nothing to do with that bill; but following that he gave the testimony quoted in the former opinion admitting in effect that the bill embraced his entire claim for the damages sued for, and we do not understand that it is now contended otherwise. It is, however, contended that the allowance by the city was in payment only of certain items of the bill, and that the remainder of the bill was not considered, or that if it was considered and rejected the plaintiff had no notice thereof.

In support of the theory that the allowance had reference to particular items only, reliance is placed on the fact that opposite each of the first three items appeared a pencil check mark, and that the aggregate of those items equals the amount allowed. But the check marks are totally unexplained. We cannot assume that they were made by any one connected with the city government, or that they were placed upon the bill before or at the time of its consideration by the trustees. They, therefore, prove nothing. The fact that the total amount of the three items equals the amount allowed might be of some importance depending upon the circumstances. It is apparent that the board might have regarded the damages claimed by those items as representing all to which the plaintiff was entitled in any event, or that to settle a disputed matter it was willing to allow the amount of those items and no other amount. But in the present state of the evidence the intention must be gathered from that which was done. And it is the duty of the court to ascertain the necessary inferences from the evidence.

It has been said that the bill embraced plaintiff's entire demand. We think it equally clear upon the evidence that the city board treated and considered it as an entirety. In each entry in the record of the board the bill is referred to as one for a specific amount of damages account of grading, the amount mentioned being the total amount of the bill. It is not otherwise referred to, and such description is fol-

lowed in the entry of December 31, 1902, by the words "allowed $277.65." This entry is not otherwise explained,. and upon its face is to be construed, we think, as showing a consideration of the entire bill and an allowance of a less sum than claimed, and thus the necessary inference or presumption of fact is that the remainder was rejected, and that the allowance was in full compensation for the damages claimed.

If in fact the city board allowed the amount accepted as full compensation, and that, we think, is the effect of the evidence, considering the nature of the claim as well as the record entries showing the board's action, the plaintiff, in the absence of anything to the contrary, must be presumed to have known it when he accepted the payment. It does not appear that he made any inquiry about it, but we have the bare fact that he accepted the warrant and received the money it called for. And the warrant recited on its face that it was for damages by grading. In considering his action in the premises, as well as that of the board, the discussion in the former opinion is pertinent with reference to the character of the claim and cause of action. It is not necessary to repeat what is there said respecting it. If the plaintiff was entitled to any portion of the amount claimed in his bill it was because of the injury to his property through a change in the grade of the streets. He had a single cause of action, and, though various things might be considered in estimating the damage under the usual rule of the difference in the value of the property before and after the change of the grade, they are in that sense merely elements of a single and inseparable damage. The plaintiff seems to have so understood it, since his bill was headed, "Bill of damages acc. grading." The case of Fulton v. Monona County, 47 Ia., 622, is not opposed to the view we have taken. In that case, involving a bill for services and expenses of a superintendent of schools, the court held that upon the evidence the conclusion was authorized that the claimant had grounds to believe that the

board had not finally and fully rejected her claim so far as it was in excess of the amount allowed, but had it under consideration, and hence it was said that the plaintiff could not be presumed to have received the warrants with knowledge that they had been allowed in full of her claim.

There seems to be some misconception in the mind of counsel regarding the references in the former opinion to the law concerning the splitting of a single cause of action for the purpose of suit, and it is protested that plaintiff has not divided his cause of action, nor sued for part in separate suits. It was not supposed that he had. The discussion upon that subject in the opinion was relevant to the determination of the effect of the allowance and acceptance of a part of his claim. It seemed to be proper to explain that the claim upon which the allowance was made was not composed of disconnected items founded upon separate contracts or injuries, but that all the items went to make up the aggregate amount of the damage claimed to have resulted from a single injury, and that the transaction as to the allowance and acceptance was to be considered from that viewpoint.

Upon the evidence, therefore, in our opinion, the finding of fact was not justified that the allowance by the board had reference merely to the first three items of the bill. The finding was in the alternative as to what was done with the remainder of the bill, viz.: that "the balance of the items were rejected or not acted on by the said board of trustees."

The view we have taken of the question does not impose upon the plaintiff below the burden of proof in the first instance to negative a satisfaction of the claim through his acceptance of the warrant, but only to overcome the effect of the defendant's evidence, which upon principle and the authorities was sufficient *prima facie* to show a settlement and satisfaction of the claim sued on.

2. It is further insisted that accord and satisfaction is insufficiently pleaded in the answer to authorize the admis-

sion of evidence in support of such defense; and it is argued that the question was raised by objection to the evidence when offered. The objection in this particular is that the answer instead of pleading the facts states a conclusion of law.

In the first place it is doubtful, to say the least, whether the question was raised by any objection to the evidence. The only objections as to this matter which we find in the record are these: When the city clerk was testifying for the defense, having without objection read from the records of the board the action taken upon the bill of plaintiff on September 24, 1902, he was asked to turn to another page. An objection was then interposed "to this procedure on the ground that it calls for a legal conclusion and is irrelevant." The objection was overruled and an exception taken. Without further objection the witness was allowed to read the subsequent record of December 31, 1902, showing the consideration of the bill and the allowance thereon. When the warrant was offered, the plaintiff's counsel objected without stating any ground. It was overruled and an exception taken. The warrant was thereupon admitted in evidence, and immediately thereafter it appears that the plaintiff offered to introduce his claim that had been presented to the city in the amount of $1,629.65, on which was paid $277.65, the clerk not then having the same in his possession, and leave was granted the plaintiff to introduce it at any time before the conclusion of the case. The clerk was afterwards recalled for further cross-examination, and, having the bill in his possession, he was interrogated respecting it. Upon that examination was brought out the fact of the presence of the check marks upon the bill. Thus it appears that the insufficiency of the answer was not directly suggested by any objection to the evidence, unless it may be supposed that it was argued in support of the objections that were interposed, but the record is silent upon the matter except as above stated.

The answer contains two separate defenses. In each there is an allegation of the allowance in question as full

compensation for all damages claimed, and the acceptance by the plaintiff of the amount allowed. The presentation of the bill is alleged, the action taken on September 24, 1902, laying it over for further consideration, and that on December 31, 1902, the board considered it, and upon a full consideration thereof allowed to the plaintiff the sum of $277.65 "as full compensation for all damages done to the property of plaintiff by reason of any action of the City of Rawlins in grading the streets adjacent to his property;" that upon the allowance a warrant was issued in favor of the plaintiff for the said sum allowed "as full compensation;" and that the same was delivered to said plaintiff and accepted by him; that he presented it for payment and was paid the amount thereof out of the city treasury. That is the substance of the allegations as to this matter in each defense, except that it is alleged additionally in the second defense as follows: "and said plaintiff accepted the same (the warrant) and received the money thereon out of the treasury of the said City of Rawlins, defendant herein, and thereby compromised and settled any and all claims for damages that he might or did have against the said City of Rawlins by reason of any grading of the streets adjacent to his property by said city."

Briefly stated, the method or form generally laid down in the books and approved by the courts for pleading accord and satisfaction is to allege that the thing delivered or money paid was delivered or paid to the plaintiff and received by him in full satisfaction and discharge of his said cause of action, or the claim set forth in the petition. (1 Kinkead's Code Pl., p. 140; 2 Bates Pl. Pr. Par. & Forms, 860; Baldwin v. Bank, 1 O. St., 141; Leavitt v. Morrow, 6 O. St., 71, 72; 1 Ency. Pl. & Pr., 76, notes 3-5.)

The answer alleges as a fact, and in that respect it seems to be unassailable, that the bill was considered by the board and a stated amount allowed thereon and a warrant for the amount delivered to the plaintiff as full compensa-

tion for the claim sued on.  It is also alleged as a fact that the warrant was accepted by the plaintiff, and that he received from the city treasury the amount thereof, but it does not seem to be directly alleged that the plaintiff accepted or received the warrant or money as full satisfaction of his claim or cause of action, unless the averment that "plaintiff accepted the same" is to be construed to mean that the acceptance was of the warrant for the purpose for which it was alleged to have been issued, viz.: as full satisfaction; it being alleged that "in accordance with allowance a warrant was issued  *  *  *  payable to said plaintiff in the sum of $277.65, and the said plaintiff accepted the same," etc.  But in the second defense, following and as a part of the averment of acceptance is the allegation "and thereby compromised and settled any and all claims for damages," etc.  This last allegation may be and, perhaps, should be held to be, a statement of a conclusion of law, and as such, upon a proper objection, an imperfect and insufficient averment of the fact of acceptance in full satisfaction and discharge of the cause of action.

However, the parties went to trial upon the answer without objection to its sufficiency; it alleging a compromise and settlement through the payment and acceptance of a stated amount and that the payment was made as full compensation.  Where no objection to a pleading on the ground of its insufficiency has been made before trial, the most liberal construction will then be adopted to sustain it if possible, and the objection will not then be sustained unless there is an entire omission of a material fact or a total failure to state a cause of action or defense.  (1 Bates Pl. Pr. Par. & Forms, 458, 459; Holz v. Hanson, 115 Wis., 236; Pomeroy's Rem., Secs. 549-551; Ry. Co. v. Stone (Kan.), 37 Pac., 1012; Johnson v. Anderson (Kan.), 57 Pac., 513.)

In the case last cited it was said:

"The sufficiency of the petition was raised by an objection to the introduction of any evidence under it.  This

method of attack is not favored, and the allegations of the petition will be construed liberally, for the purpose of sustaining it."

And in Railway Co. v. Stone, *supra,* no demurrer or motion having been interposed, but the objection to the petition being first raised by an objection to evidence, it was said: "If the facts are all stated, even indefinitely or in form of conclusions, a petition will be regarded as sufficient." Pomeroy says in Section 549 of the work above cited: "Thus, if instead of alleging issuable facts the pleader. should state the evidence of such facts, or even a portion only thereof, unless the omission was so extensive that no cause of action at all was indicated, or, if he should aver conclusions of law, in place of fact, the resulting insufficiency and imperfection would pertain to the form rather than to the substance, and the mode of correction would be by a motion, and not by a demurrer." And again, in Section 551: "If the pleading was not reformed, and if the defect was not so serious as to render it demurrable, it would be treated on the trial as sufficient; and the statement of probative matter or of legal conclusions would take the place of the issuable or material facts which ought to have been averred, and would thus become material."

It having been averred that the city allowed the amount stated as full and complete satisfaction, the answer states in a single sentence that "in accordance with allowance" a warrant was issued, and the plaintiff accepted the same; and the sentence concludes with the averment above quoted that the plaintiff thereby compromised and settled the claim. Giving to the allegation the liberal construction required, there is not a total failure to allege the material fact that the warrant and money were received in full satisfaction and discharge of the claim. That the allowance was in full satisfaction is alleged, and it is also alleged that the warrant was issued and accepted in accordance with the allowance. Though the remainder of the allegation may be a conclusion of law, it supports the inference that the acceptance as well

as the payment was in full satisfaction of the claim. As against an objection upon the trial to the introduction of evidence the answer must, therefore, be held sufficient.

3. In accordance with the direction contained in the former opinion an order was entered remanding the cause with directions to the district court to render judgment for the defendant below, the plaintiff in error here. It is now urged that such order was improper in view of the grounds upon which the reversal was based, and that the cause should be remanded for new trial if the order of reversal is adhered to. At the court's request counsel for plaintiff in error has submitted a brief upon that question, opposing any modification of the order. We have carefully considered the matter and have concluded that the objection to that part of the order which directs the entering of judgment without a new trial is well taken.

The judgment was reversed for the insufficiency of the evidence to sustain the finding of fact that the city authorities had allowed the first three items of the bill without reference to the remaining items. The effect of the finding as we think it must be construed is that the three items aforesaid were separately considered by the trustees, and upon such consideration allowed. The error of the court, therefore, was primarily in the finding of fact, and in denying the motion of defendant below for a new trial. Even in such a case we suppose an appellate court might be justified in directing the proper judgment to be entered, where it appears that all the facts are shown by the evidence and are not disputed, but the course taken should be such as will appear to best promote the ends of justice. (3 Cyc., 454, 455.) Under our practice and in this case the defendant below raised the question of the sufficiency of the evidence to support the finding of fact by a motion for new trial, and that motion ought in our opinion to have been granted, so that error was committed in overruling it. It is not apparent to us that there may not be other competent evidence tending to throw light upon the point in issue,

and, therefore, the logical procedure would seem to be the remanding of the cause for a further trial, in view of the error forming the ground of the reversal.

In Gay v. Davey, 47 O. St., 396, the court say: "Material facts necessary to sustain the judgment were in issue between the parties. The main ground upon which the defendants predicated their motion to set aside the judgment and for a new trial was that the finding of the court was against the weight of the evidence. When the reviewing court reversed the judgment of the court below for error in overruling such motion, the only judgment which should have been rendered after reversal was to grant a new trial, as moved in the trial court. * * * For aught appearing to the contrary, upon remanding the cause for further proceedings, any unavoidable defect in the evidence on the hearing might, in furtherance of justice, have been supplied in a second trial."

It is suggested in the brief of counsel for plaintiff in error that it would not be competent to explain the record of the city board or alter its effect by parol testimony. We think it unnecessary as well as improper to decide or consider that question. It will be time enough to do so when evidence of that character for such purpose is offered or admitted. But if the contention be correct we are not in a position to say that there may not exist other entries in the record of the board showing its action in the premises, not appearing in the present record, or at least some competent facts pertinent to the issue.

However, the insufficiency of the evidence to sustain the finding is not the only point to be here considered upon this inquiry. The trial court failed to make a definite finding upon a material fact, viz.: the action of the board of trustees with reference to the remainder of plaintiff's bill. It is true that upon the evidence presented we are of the opinion that the only proper finding would have been that the part of the bill not allowed was rejected. Nevertheless, the trial court made no finding as to that matter, and hence the findings did

not definitely determine the facts necessary to support the court's conclusions of law. The finding in that respect was in the alternative, that the remainder of the bill was either rejected or not acted on. Citing a large number of cases, it is said at page 456, in 2 Cyc.:

" "On setting aside a judgment in an action at law, the appellate court will not undertake to render or order final judgment where the facts in issue are controverted or not definitely settled, but will order a new trial. And so, where the facts have been found so imperfectly as not to authorize a judgment thereon, the appellate court will remand the cause for further proceedings."

In order to render or order a judgment in the case at bar, it would be necessary for this court not only to make a finding as to a fact apparently not considered by the trial court, but also to substitute a finding for the one erroneously made by the trial court. The order previously entered directing judgment was an inadvertence and in our opinion improper under the circumstances, and it should be modified so as to remand the cause for a new trial. It will be so modified, and the petition for rehearing denied.

BEARD, J., and SCOTT, J., concur.